Commonwealth ex rel. Houlahen, Appellant, *v.* Flynn.

Argued September 27, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*William J. Kenney,* with him *Stewart & Lewis,* for appellant.

*Edward G. Bothwell,* with him *Walter P. Smart,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, October 15, 1943:

This is an appeal from an order quashing a writ of quo warranto. Appellant was appointed on January 3, 1942, by the Allegheny County Board of Commissioners as a member of the Board of Property Assessment, Appeals and Review. In accordance with the statute creating the office, appellant entered upon a four year term commencing January 5, 1942. As a prerequisite of holding this office, he had discontinued his business as a licensed real estate broker. On June 19, 1943, however, the Board of Commissioners declared appellant's office vacant as of June 30, 1943. No cause was assigned for this dismissal and no hearing was held. On the same day, the Commissioners appointed the appellee Flynn to succeed appellant as a member of the Board. When Flynn entered into the performance of his duties, appellant filed his suggestion for a writ of quo warranto. Appellee thereupon filed a motion to quash. The court below decided that the Commissioners had the power to dismiss the appellant without cause prior to the expiration of his four year term and entered an order quashing the writ. From this order, the present appeal is taken.

The action of the court below was undoubtedly correct. The essence of the problem is the application of Article VI, section 4, of the Pennsylvania Constitution to the present case. This provision reads, *inter alia,* as follows: "Appointed officers, other than judges of the

courts of record and the Superintendent of Public Instruction, may be removed at the pleasure of the power by which they shall have been appointed." The meaning of this section is unambiguous. The instant case is clearly within its purview. As Justice (now Chief Justice) MAXEY stated in *Commonwealth v. Lindsay,* 330 Pa. 120, at page 123, 198 A. 635: "Article VI, section 4, of the Constitution is an expression of a governmental principle which is supported both by reason and authority. It is a tenet of good government that except in those cases where the public welfare requires that an official charged with important governmental functions should be protected against interference on the part of the executive and in those cases where special classes of public servants, such as policemen and firemen, are placed under civil service protection, *the power of removal is correlative with the power of appointment.*"

The facts of *Commonwealth v. Lindsay,* supra, are analogous to those of the instant case. The relator in the *Lindsay* case had been elected as city clerk by council to fill the unexpired term of another clerk. He was subsequently removed before the end of the term by resolution of council without notice or hearing. This court sustained the right of council to remove relator from office and appoint respondent as his successor.

Article VI, section 4, of the Constitution is, however, subject to several limitations, one of which is that the legislature in creating an office may attach conditions, express or implied, to the tenure of the incumbent. Article XII, section 1, of the Constitution provides that non-constitutional officers may be "elected or appointed as may be directed by law." Accordingly it has been held that Article VI, section 4, is *not* applicable "where the legislature, having the right to fix the length of a term of office, has made it determinable, by judicial proceedings, on other contingencies than the mere passage of time": *Milford Twp. Supervisors' Removal,* 291 Pa. 46, at page 52, 139 A. 623; *Weiss v. Ziegler,* 327 Pa. 100, at page 105, 193 A. 642. In those cases, the statutes fixing

the terms of the officers sought to be removed provided a method for their removal in case of neglect or misfeasance in office. The present appellant, in asserting that he cannot be discharged by the appointing officers, seeks to qualify his case as a similar exception to Article VI. A reading of the pertinent statute, however, discloses that it is not such an exception.

The relator was appointed under the authority of the Act of June 21, 1939, P. L. 626, as amended by the Act of 1941, P. L. 49, 72 P. S. Supp., section 5452.1. That act created a Board of Property Assessment, Appeals and Review for counties of the second class. Appointments thereto were directed to be made by the county commissioners. The Act prescribes qualifications for Board membership, and requires, *inter alia,* that the seven members shall devote their entire time to the duties of their office, shall hold no other office, nor engage in any extraneous business. The terms of three of the first members are fixed at six years, of two at five years, and of the remaining two at four years; members thereafter appointed are to serve for six years. There is nothing in the statute which provides a method of dismissal for those holding the office. The terms of the members of the board are not made determinable, by judicial proceedings, on other contingencies than the mere passage of time. The legislature did not stipulate that a special procedure of removal from office was to be followed. We are therefore unable to hold that appellant is an exception to the operation of the general rule enunciated in Article VI.

Nor are we able to read into the appointing statute any *implication* that the legislature intended to forbid dismissal without cause. The words of the statute are direct and unambiguous. The letter of it is not to be disregarded, therefore, under a pretext of pursuing its spirit.

The appellant relies on the cases of *Milford Twp. Supervisors' Removal,* supra, and *Weiss v. Ziegler,* supra. These cases are inapposite in the present situa-

tion. They concerned acts of legislation which expressly annexed conditions of tenure to the offices in dispute. As we hereinbefore said, Article VI does not apply in these situations. The constitutional method of removal prescribed by Article VI, section 4, is exclusive, except where the legislature in creating the office expressly or impliedly designates a different method within the scope of Article XII, section 1.

The order of the court below is affirmed.