Joseph H. Reiter, Petitioner *v.* Commonwealth of Pennsylvania, Department of Justice and Governor of Pennsylvania, Respondents.

Argued February 5, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Harry D. Shargel*, for petitioner.

*Joseph L. McCann*, Deputy Attorney General, with him *Norman J. Watkins*, Deputy Attorney General, and *J. Justin Blewitt, Jr.*, Acting Attorney General, for respondents.

OPINION BY JUDGE CRUMLISH, JR., May 24, 1979:

The Governor[1] and the Department of Justice of Pennsylvania, by preliminary objections, demur to a mandamus action instituted by Joseph H. Reiter. Reiter asks us to order the Department to reinstate him with back pay as Deputy Attorney General and to enjoin the Governor from future interference with Reiter's employment.

We sustain the preliminary objections.

Did the Governor dismiss him without the consent and over the objection of the Attorney General arbitrarily, without cause, and without authority in law so as to support an action in mandamus?

Reiter's complaint recites that the Attorney General[2] appointed him Special Deputy Attorney General

---

[1] The Petition for Review in Mandamus was filed during Governor Milton Shapp's term of office.

[2] Former Attorney General Israel Packel.

and Director of the Office of Drug Law Enforcement in August, 1973, and that his performance in both capacities was satisfactory to the Attorney General. The then-Governor Shapp sent Reiter a letter of dismissal on March 30, 1977, which was confirmed by a letter dated the same day from the Personnel Director of the Justice Department, a copy of which was also sent to the Attorney General.[3]

Our cases have repeatedly stressed the extraordinary nature of a writ of mandamus and hold that mandamus "lies only to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other adequate remedy." *Kaplan v. Smith*, 40 Pa. Commonwealth Ct. 95, 97, 396 A.2d 493, 494 (1979).

As an appointed Assistant Attorney General, Reiter was an employee-at-will afforded neither tenure nor protection against dismissal without cause. *See Rosenthal v. Rizzo*, 555 F.2d 390 (3rd Cir. 1977); *Scott v. Philadelphia Parking Authority*, 402 Pa. 151, 166 A.2d 278 (1960); *Mahoney v. Philadelphia Housing Authority*, 13 Pa. Commonwealth Ct. 243, 320 A. 2d 459 (1974). This being so, can we compel his reinstatement on the grounds that he was peremptorily dismissed without cause? Obviously, no.

Reiter contends that, because he was appointed by the Attorney General pursuant to Section 906 of The Administrative Code of 1929,[4] 71 P.S. §296, the Attorney General alone is constitutionally empowered to displace him.

It is axiomatic that "the power of removal is correlative with the power of appointment." *Commonwealth ex rel. Schofield v. Lindsay*, 330 Pa. 120, 123,

---

[3] Former Attorney General Robert Kane.

[4] Section 906 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §296.

198 A. 635, 636 (1938). Unless the legislature, when creating an office of public employment, provides a method of removal,[5] Article VI, Section 4 of the Pennsylvania Constitution by which one ''shall be removed at the pleasure of the power by which they shall have been appointed'' controls. *Commonwealth ex rel. Houlahen v. Flynn*, 348 Pa. 101, 34 A.2d 59 (1943).

The Attorney General serves at the pleasure of the Governor who is constitutionally empowered to appoint and, thus, may remove him at will. The legislature gives the Attorney General authority to appoint assistants ''with the approval of the Governor.'' Appointed Assistant Attorneys General remain accountable to the Attorney General who, in turn, remains accountable to the Governor. *See Gwinn v. Kane*, 465 Pa. 269, 348 A.2d 900 (1975). Argument that the Governor may not ''interfere with the employment'' of an Assistant Attorney General is patently untenable.

Finally, Reiter's argument that only the Attorney General is empowered to dismiss him is also without merit. The Attorney General's power to dismiss an appointed assistant on his own initiative does not militate against a similar power in the Governor who, as the elected Chief Executive of the Commonwealth, may dismiss his subordinates in the Justice Department, at will.

Accordingly, we

## ORDER

AND Now, this 24th day of May, 1979, the preliminary objections in the nature of a demurrer raised by Respondents are hereby sustained and Petitioner Joseph H. Reiter's complaint is hereby dismissed.

---

[5] We have considered cases dealing with legislative attempts to restrict the Chief Executive's power to remove appointed officers at will and find them to be inapposite to the case at bar.