John Charles Webb, Jr., Petitioner *v.* Richard L. Thornburgh, Governor, Commonwealth of Pennsylvania et al., Respondents.

524

Argued June 2, 1980, before Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*John Charles Webb, Jr.,* Pro Se, petitioner.

*John G. Knorr, III,* Deputy Attorney General, with him *Allen C. Warshaw,* Chief, Civil Litigation, and *Edward G. Biester, Jr.,* Attorney General, for respondents.

OPINION BY JUDGE WILKINSON, JR., July 3, 1980:

In the action before us, petitioner seeks to be restored to the position which he formerly held as assistant attorney general. He was removed from this position by the Attorney General by letter dated September 7, 1979 which petitioner attached as exhibit K in his complaint. In this letter no reason is given for his dismissal.

The gravamen of petitioner's case is that while no reason was given for his dismissal, in fact the reasons were improper, and attach a "badge of infamy" to his name.[1] Under such circumstance, he asserts, he has a

---

[1] Although the complaint contains 77 paragraphs, there is no inference, much less allegation that petitioner's partisan political beliefs, assertions, or associations played any part in his dismissal. This eliminates any question of the application of *Branti v. Finkel,*    U.S.    , 48 U.S.L.W. 4331 (March 31, 1980) or *Elrod v. Burns,* 427 U.S. 347 (1976).

right to a hearing. A point pressed equally in his brief and at oral argument is that his dismissal by the Attorney General was ineffective without the approval of the Governor.

This Court, with an opinion by President Judge (then Judge) CRUMLISH, has very recently discussed the rights of an assistant attorney general to his position and the relative rights of the Attorney General and the Governor to dismiss him.

> As an appointed Assistant Attorney General, Reiter was an employee-at-will afforded neither tenure nor protection against dismissal without cause. See Rosenthal v. Rizzo, 555 F.2d 390 (3rd Cir. 1977) ; Scott v. Philadelphia Parking Authority, 402 Pa. 151, 166 A.2d 278 (1960) ; Mahoney v. Philadelphia Housing Authority, 13 Pa. Commonwealth Ct. 243, 320 A.2d 459 (1974). This being so, can we compel his reinstatement on the grounds that he was peremptorily dismissed without cause? Obviously, no.

*Reiter v. Department of Justice,* 43 Pa. Commonwealth Ct. 61, 63, 401 A.2d 854, 855 (1979).

In that case the assistant attorney general was dismissed by the Governor and he argued that the dismissal could be made only by the Attorney General.

> Finally, Reiter's argument that only the Attorney General is empowered to dismiss him is also without merit. The Attorney General's power to dismiss an appointed assistant on his own initiative does not militate against a similar power in the Governor who, as the elected Chief Executive of the Commonwealth, may dismiss his subordinates in the Justice Department, at will.

*Id.* at 64, 401 A.2d at 856.

Petitioner raises two other questions. He questions this Court's jurisdiction inasmuch as he instituted the action in the Court of Common Pleas of Philadelphia. Preliminary objections were filed by respondents and that court sustained the preliminary objections raising jurisdiction, dismissed the objection in the nature of a demurrer, and transferred the case to this Court. We agree that jurisdiction is here.

Petitioner's other question relates to this Court, sua sponte, reinstating the preliminary objection in the nature of a demurrer filed by the Commonwealth and dismissed by the court of common pleas. This was done by the late President Judge BOWMAN because the common pleas court, having properly declared itself to be without jurisdiction and transferring the case to this Court for further consideration, could not pass upon nor either uphold nor dismiss the other preliminary objection filed in the case.

Accordingly, we will enter the following

ORDER

AND Now, July 3, 1980, the preliminary objections in the nature of a demurrer raised by respondents are hereby sustained and petitioner's action dismissed.