Alfred R. Boettger, Plaintiff *v.* Robert E. Miklich, et al., Defendants.

Argued June 6, 1984, before Judges ROGERS, CRAIG and BARBIERI, sitting as a panel of three.

6

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*E. Jerome Brose, Brose and Poswistilo,* for plaintiff.

*Carl Vaccaro,* Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General, for defendants.

OPINION BY JUDGE CRAIG, August 30, 1984:

Alfred Boettger filed a complaint in this court's original jurisdiction against Pennsylvania State Trooper Robert· Miklich, Pennsylvania State Police Commissioner Daniel Dunn and the Commonwealth of Pennsylvania, seeking money damages and injunctive relief under the Federal Civil Rights Act, 42 U.S.C. §1983, the Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 Pa. C. S. §5703, and for invasion of privacy.

Boettger's claim arises out of Trooper Miklich's placing a wiretap on Wayne Dickinson's phone in conjunction with an investigation of criminal activities suspected of Dickinson. Trooper Miklich obtained authorization for the wiretap from a deputy attorney general, and Boettger has not challenged the legality of the wiretap. Rather, Boettger complains that, as a result of intercepting calls between Boettger and Dickinson, Trooper Miklich obtained information regarding certain business dealings of Boettger, and turned that information over to the Internal Revenue Service and state taxing authorities, in violation of Boettger's civil rights, his constitutional right of

privacy, and procedures set forth in the Pennsylvania Wiretap Act.

This matter is currently before us on the preliminary objections of defendants, who urge us to dismiss plaintiff's complaint for lack of jurisdiction, arguing two reasons: (1) Commonwealth Court does not have original jurisdiction over the actions against Miklich and Dunn who allegedly are state employees, rather than state officials; (2) Commonwealth Court does not have original jurisdiction over these claims which are in the nature of trespass as to which the Commonwealth formerly enjoyed sovereign immunity.

Also, the defendants urge by way of additional objection and demurrer: (a) the invasion of privacy claim is barred by sovereign immunity; (b) a cause of action under 42 U.S.C. §1983 is cognizable only against persons, and not against the Commonwealth; (c) plaintiff has failed to state a cause of action under the Civil Rights Act, the Wiretap Act, or for invasion of privacy.

The scope of Commonwealth Court's original jurisdiction is set forth at 42 Pa. C. S. §761, which provides in part:

> (a) General Rule—the Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:

> (1) against the Commonwealth government, including any officer thereof, acting in his official capacity, except:

> . . . .

> (v) actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity and actions or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass.

## Status of Defendants as Officers or Employees of the Commonwealth

With respect to the subject matter of the claim under section 1983 of the Federal Civil Rights Act, the Pennsylvania Supreme Court indicated, in *Commonwealth ex rel. Saunders v. Creamer*, 464 Pa. 2, 345 A.2d 702 (1975), that concurrent state court jurisdiction has not been barred, and the United States Supreme Court appears to have confirmed that conclusion in *Martinez v. California*, 444 U.S. 277, 284 n. 8 (1980) and *Maine v. Thiboutot*, 448 U.S. 1, 3 n. 1 (1980). However, despite that authoritative basis for state court jurisdiction over the subject matter of the section 1983 claims, as well as over the Wiretap Act claims, the above jurisdictional statute requires us first to consider whether *this* court has jurisdiction over the individual defendants at this juncture, recognizing that we have original jurisdiction only over actions against "officers" of the Commonwealth.

For jurisdictional purposes, an officer of the Commonwealth "performs state-wide policymaking functions and . . . [is] charged with the responsibility of independent initiation of administrative policy regarding some sovereign function of state government." *Opie v. Glascow, Inc.*, 30 Pa. Commonwealth Ct. 555, 559-60, 375 A.2d 396, 398 (1977). On the other hand, a Commonwealth employee "functions on an essentially local or regional basis . . . [and] performs subordinate ministerial functions." *Id.*

Our determination of Miklich's and Dunn's status is controlled by *Schroeck v. Pennsylvania State Police*, 26 Pa. Commonwealth Ct. 41, 362 A.2d 486 (1976), a factually similar section 1983 and invasion-of-privacy case in which we dismissed the complaint against individual state troopers named as defendants, finding them to be Commonwealth employees, but held that

the defendant state police commissioner was an officer of the Commonwealth and therefore within the scope of our original jurisdiction. Because the same result must obtain here, we will transfer the case against Trooper Miklich to the appropriate common pleas court,[1] following 42 Pa. C. S. §5103, which provides for transfer rather than dismissal.

### Commonwealth Court Jurisdiction Over Federal Civil Rights Law Action

As to the defendants remaining—the commissioners and the Commonwealth itself—a further inquiry is required to determine whether the Federal Civil Rights claim is one in the nature of trespass as to which the Commonwealth formerly enjoyed immunity, and is therefore excepted from our original jurisdiction under 42 Pa. C. S. §761(a)(1)(v), to be lodged in the residuary jurisdiction of the common pleas court under 42 Pa. C. S. §931(a).

Although the Pennsylvania Supreme Court, in *Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 399-400, 388 A.2d 709, 716 (1978), rejected an attempt of the Commonwealth to equate the sovereign immunity *defense (see* Pa. R.C.P. No. 1030)

---

[1] The record suggests the Common Pleas Court of Northampton County as the appropriate court. Under 42 Pa. C. S. §8523(a), county venue may be laid in a county in which there is a principal or local office of the Commonwealth party, a county in which the cause of action arose, or a county where a transaction or occurrence took place out of which the cause of action arose. With service against the state police having been made at their office in Dauphin County and against the trooper at the Bethlehem State Police Barracks in Lehigh County, and the complaint averring that the allegedly unlawful relay of information to tax authorities arose out of a search of plaintiff's residence in Northampton County as a result of the alleged wiretapping, we conclude that venue in the latter county is appropriate.

with the issue of jurisdiction, we must acknowledge that 42 Pa. C. S. §761(a)(1)(v) has reintroduced some linkage between the two by negating our jurisdiction with respect to actions "in the nature of trespass" where immunity was formerly afforded.

On that point, this court's original jurisdiction over the federal claim against the state and its officer is controlled by our recent decision in *Rank v. Balshy,* 82 Pa. Commonwealth Ct. 362, 475 A.2d 182 (1984), an action filed in our original jurisdiction against the Pennsylvania State Police, joining a Federal Civil Rights claim with various common law tort claims. We transferred that case to common pleas court, noting that section 1983 actions are in the nature of trespass, *Imbler v. Pachtman,* 424 U.S. 409 (1976), as to which the Commonwealth formerly enjoyed sovereign immunity, and therefore are not within the original jurisdiction of the Commonwealth Court under 42 Pa. C. S. §761(a)(1)(v). Accordingly, we must also transfer the federal claim against the remaining defendants to the common pleas court.

### Jurisdiction Over Claims Under State Law

Following *Rank* also as to the non-federal tort claims, we will make the same disposition of Boettger's invasion-of-privacy claim and Wiretap Act claim, both of which are unquestionably in the nature of trespass and formerly barred by sovereign immunity. *Rank.*

Boettger argues that the Wiretap Act claim is not subject to the same exception because no wiretapping activity was legal before that Act became effective; therefore, an action based on it is not one as to which the Commonwealth *formerly* enjoyed sovereign immunity, and is not excepted from this court's original jurisdiction. We disagree.

The doctrine of sovereign immunity is embodied in art. 1, §11 of the Pennsylvania Constitution and provides:

§11. Courts to be open; suits against the Commonwealth

All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

In reaction to our Supreme Court's abrogation of the doctrine of sovereign immunity in *Mayle,* the General Assembly enacted legislation, now 42 Pa. C. S. §2310, which reinstated the doctrine with certain limited exceptions, none of which are applicable here. 42 Pa. C. S. §8522.

The Commonwealth's sovereign immunity can be waived only by express legislative enactment demonstrating a consent to suit. *Reiff v. City of Philadelphia,* 27 Pa. Commonwealth Ct. 504, 365 A.2d 1357 (1976). Section 5725 of the Wiretap Act creates a civil action for any person claiming to be harmed by violation of the Wiretap Act, and authorizes the award of actual damages, punitive damages and attorneys' fees. Sovereign immunity of the Commonwealth and its officers is specifically waived in section 5725(b).[2] However, before the effective date of

[2] Section 5726 of the Wiretap Act creates an equitable cause of action for removal from office of any government officer or employee who has violated the Act. Significantly, that section expressly provides that an aggrieved person shall bring such action in the Commonwealth Court, although the immediately preceding section, which creates a civil action for money damages, 18 Pa. C. S. §5725, provides no such language vesting this court with jurisdic-

that Act, and its forerunner, the Anti-Wiretap Act,[3] there was no legislative consent to suits against the Commonwealth and its officers based on wiretapping activities. The Commonwealth was therefore "formerly immune" to suits on alleged liability arising from wiretapping, such as the present one, which is consequently excepted from our original jurisdiction under 42 Pa. C. S. §761(a)(1)(v).

Accordingly, we sustain defendants' preliminary objections as to jurisdiction and order that this case in its entirety be transferred to common pleas court.

As in *Rank,* our disposition of the issues as to original jurisdiction requires that the defendants' demurrers and immunity defenses be resolved, at least initially, in the common pleas court.

ORDER

Now, August 30, 1984, the preliminary objections filed by the defendants, Trooper Robert E. Miklich, Commissioner Daniel Dunn, and the Commonwealth of Pennsylvania, are sustained, and this case is transferred to the Common Pleas Court of Northampton County.

tion. Fundamental in statutory construction is the rule that, where a section of a statute contains a given provision, the omission of that provision from a similar section is significant to show a different intention existed. *Commonwealth v. Bigelow,* 484 Pa. 476, 399 A.2d 392 (1979) ; 1 Pa. C. S. §1921.

[3] Act of July 16, 1957, P.L. 956, 18 P.S. §3742.