534 A.2d 548

William Richard Birdseye, William Robert Birdseye, Petitioners *v.* John Driscoll, Louis W. Gentile, Donna McClelland and Margaret Picking, Respondents.

Argued May 20, 1987, before President Judge CRUMLISH, JR., Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Thomas A. Crawford, Jr.,* for petitioners.

*Bruce A. Antkowiak, Mansmann, Cindrich & Titus,* for respondents, Driscoll, McClelland and Picking.

*Andrew B. Kramer,* Deputy Attorney General, for respondent, Louis W. Gentile.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., November 20, 1987:

William Richard and William Robert Birdseye have filed a complaint in our original jurisdiction, 42 Pa. C.

S. §761, seeking to remove from their respective offices John Driscoll, Westmoreland County District Attorney; Donna McClelland and Margaret Picking, Assistant District Attorneys; and Officer Louis Gentile of the Pennsylvania State Police (Respondents) for violations of the Wiretapping and Electronic Surveillance Control Act, 18 Pa. C. S. §§5701—5727 (Wiretap Act).

Respondents Driscoll, McClelland and Picking seek summary judgment and, in the alternative, dismissal for lack of jurisdiction. Respondent Gentile has also moved for summary judgment.

Acting with search warrants issued by the Westmoreland County Common Pleas Court, the State Police seized property from three locations owned or operated by the Birdseyes. Shortly thereafter, the Birdseyes, pursuant to Pa. R. Crim. P. 234, filed a motion for the return of the seized property which was partially granted by the common pleas court. Contending that the property to be returned was necessary to an ongoing investigation of the Birdseyes' activities, the Westmoreland County District Attorney's Office appealed the court's order to Superior Court. At that time, the District Attorney applied to the common pleas court for a stay pending appeal. Affixed to this application was Trooper Gentile's "Affidavit of Probable Cause" in which the existence of legally authorized wiretaps was referenced.[1]

---

[1] The affidavit indicated that the President Judge of Westmoreland County Common Pleas Court approved the installation of "pen registers" on the petitioner's telephone lines by orders dated January 31 and February 21, 1986. A pen register is defined in the Wiretap Act as "[a] mechanical or electronic device which attaches to a particular telephone line, and which records outgoing numbers dialed by a particular telephone, but does not: (1) monitor the contents of any communication; or (2) record the origin of any incoming communications." 18 Pa. C. S. §5703.

In their complaint, the Birdseyes allege that Assistant District Attorneys Picking and McClelland, with the approval of District Attorney Driscoll, "published the [wiretap] disclosure by appending the affidavit to the application for stay. . . ." Complaint, paragraph 6. This, they assert, was an intentional violation of Section 5719 of the Act, which forbids such disclosures.

The District Attorneys contend that Section 5726 of the Wiretap Act, which creates a cause of action in Commonwealth Court to remove public officials or employees from office for such violations, contravenes Article VI, Section 7 of the Pennsylvania Constitution and is therefore void.[2]

Section 5726 provides:

**§5726. Action for Removal from office or employment**

    (a) **Cause of action.**—Any aggrieved person shall have the right to bring an action in Com-

---

    Trooper Gentile's affidavit also indicated that the Superior Court (POPOVICH, J.) had authorized the interception of telephone communications pursuant to 18 Pa. C. S. §5708 from the same telephone lines for a period not to exceed twenty days, based on alleged violations of 18 Pa. C. S. §911 (corrupt organizations), §5902 (prostitution or related offenses), and §903 (criminal conspiracy).

    [2] In *Boettger v. Miklich*, 85 Pa. Commonwealth Ct. 5, 481 A.2d 972 (1984), this Court addressed the question of our jurisdiction over actions filed pursuant to the immediately preceding section of the Wiretap Act—Section 5725—which authorizes the award of actual and punitive damages to a person successfully claiming to be harmed by a violation of the Act. There we held that because the Commonwealth was formerly immune to civil actions based on alleged liability arising from wiretapping, such actions were *excepted* from our original jurisdiction under 42 Pa. C. S. §761(a)(1)(v). *Id*. at 12, 481 A.2d at 975. We recognized the distinction in *Boettger* between actions for damages under Section 5725 and an *equitable* cause of action for removal created by Section 5726, which contains express language vesting this Court with original jurisdiction. *Id*. at 11 n.2, 481 A.2d at 975 n.2.

monwealth Court against any investigative or law enforcement officer, public official or public employee seeking the officer's, official's or employee's removal from office or employment on the grounds that the officer, official or employee has intentionally violated the provisions of this chapter. If the court shall conclude that such officer, official or employee has in fact intentionally violated the provisions of this chapter, the court shall order the dismissal or removal from office of said officer, official or employee.

Hence, a person aggrieved may seek the removal of "any investigative or law enforcement officer, public officer or public employee" on the grounds that that person has intentionally violated the provisions of the Wiretap Act. This would appear to be an express legislative enactment demonstrating a consent to suit and a grant of jurisdiction to this Court[3] to hear applications on the removal of the District Attorney and his assistants.

However, Article VI, Section 7 of our Constitution provides that as an elected constitutional officer, PA. CONST. art. IX, §4, *McGinley v. Scott,* 401 Pa. 310, 164 A.2d 424 (1960), a district attorney may be removed from office only upon conviction of misbehavior in office, of an infamous crime, or by the Governor, for reasonable cause after notice and hearing on the address by two-thirds of the Senate, PA. CONST. art. VI, §7; *Commonwealth ex rel. Specter v. Martin,* 426 Pa. 102,

---

[3] The Commonwealth Court's original jurisdiction is set forth in 42 Pa. C. S. §761:

**Original jurisdiction**

(a) **General Rule.**—The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:

. . . .

(4) Original jurisdiction of which is vested in the Commonwealth Court by any statute hereafter enacted.

232 A.2d 729 (1967). Moreover, this constitutional directive has been held to be "exclusive and prohibitory of any other method which the legislature may deem better or more convenient." *Id.* at 117, 232 A.2d at 737. Therefore, because Section 5726 conflicts with our Commonwealth's Constitution in providing an alternative method of removing district attorneys from office, it must fail. We are without jurisdiction to entertain suits seeking the removal of district attorneys.

The position of *assistant* district attorney, by contrast, has been created by the legislature.[4] Unlike the district attorney, who is an elected constitutional officer, an assistant's removal will not be exclusively controlled by the Constitution, if the legislature, *when creating the office,* provided for a different method of removal. *Commonwealth ex rel. Houlahen v. Flynn,* 348 Pa. 101, 34 A.2d 59 (1943); *Reiter v. Department of Justice,* 43 Pa. Commonwealth Ct. 61, 401 A.2d 854 (1979).

Section 1420 of the County Code provides that "[t]he district attorney may appoint such number of assistants . . . to assist him in the discharge of his duties." This particular section is *silent* as to the method of their removal. However, Section 450(b) of the Code provides for removal of appointed county officers:

> (b) Appointees to county offices or positions other than to elected office shall be subject to removal at the pleasure of the appointing power, *except as otherwise provided by law,* and they shall also be removed on conviction of misbehavior in office or of any infamous crime.

16 P.S. §450(b) (emphasis added).

Thus, assistant district attorneys are subject to removal by the appointing power or upon conviction of

---

[4] Section 1420 of the County Code, Act of August 9, 1955, P.L. 323, *as amended.*

official malfeasance or infamous crime, and "as otherwise provided by law," which appears to permit *in futuro*, the creation of additional causes of action whereby appointed county officers may be removed, such as Section 5726 of the Wiretap Act.

Likewise, Section 5726 appears to vest this Court with jurisdiction over the action brought against Officer Gentile. Officer Gentile contends that summary judgment should be granted in his favor because if there was a disclosure at all, it was done pursuant to his duties as a law enforcement officer. 18 Pa. C. S. §5717. Consequently, we shall address the question of whether the respondent assistant district attorneys and Officer Gentile are entitled to summary judgment.

Summary judgment, will be granted only if there is no genuine issue of material fact and the moving parties are entitled to judgment as a matter of law.[5] *Scheetz v. Borough of Lansdale*, 64 Pa. Commonwealth Ct. 24, 438 A.2d 1048 (1982).

Here, Officer Gentile's affidavit of probable cause, stated that a pen register and a wiretap had been previously authorized. However, documents unsealed by the common pleas court *prior to* the submission of Gentile's affidavit refer to the same wiretap.[6] Indeed, the Birds-

---

[5] In their complaint the Birdseyes allege that the disclosure was made willfully and in bad faith, which allegation is specifically denied by the respondents. Ordinarily, this would give rise to a factual dispute that would render summary judgment inappropriate. However, because of our determination that there was *no* disclosure in this case, we conclude that the factual issue of bad faith is not material to the outcome of the matter.

[6] The Birdseyes concede that the Westmoreland County Common Pleas Court (J. MIHALICH, at 61 Miscellaneous Docket 1986) entered an order July 28, 1986—some two months before the district attorney's application for stay was filed—unsealing certain documents which revealed the use of the wiretap by State Police.

eyes themselves submitted a "Motion to Suppress Wire Interceptions and All Evidence Derived Therefrom" approximately a month before the stay application and affidavit were filed. We cannot conclude in this context that Officer Gentile's statement revealed anything not previously revealed. Thus, there cannot have been a disclosure, which is defined as the act or an instance of opening up to view, knowledge or comprehension. Webster's Third New International Dictionary 1645 (1966). Unless they are technical or have acquired a peculiar and appropriate meaning, words are to be given their common and approved usage. 1 Pa. C. S. §1903. Here, the existence of the wiretap had been made part of the public record.

Moreover, neither Officer Gentile nor the assistant district attorney's actions in affixing the affidavit to the petition was improper under the Act. Section 5717 provides:

> **§5717. Disclosure or use of contents of wire or oral communications or derivative evidence**
>
> (a) **Investigative activities.**—Any investigative or law enforcement officer who, by any means authorized by this chapter, has obtained knowledge of the contents of any wire or oral communication, or evidence derived therefrom, *may disclose such contents or* evidence to another investigative or law enforcement officer or *make use of such contents* or evidence *to the extent that such disclosure or use is appropriate to the proper performance of the official duties of the officer making or receiving the disclosure.*

18 Pa. C. S. §5717 (emphasis added).

Gentile's affidavit, sworn to and subscribed, was offered in cooperation with the district attorney's office in support of its application for a stay of the order requir-

ing the return of seized property. This property, it was asserted, was necessary to continue the ongoing investigation of alleged criminal acts. We conclude that, under these circumstances, the statement made in Gentile's affidavit and offered by the assistant district attorneys in support of their position was "appropriate to the proper performance of official duties," as allowed by the Act.[7]

Accordingly, we will dismiss the Birdseyes' complaint as to Respondent Driscoll and grant Respondents McClelland, Picking and Gentile's motion for summary judgment.

## ORDER

1. Petitioners' complaint as to Respondent Driscoll is dismissed.

2. Summary judgment is granted in favor of Respondents McClelland, Picking and Gentile.

3. Petitioners' application for costs and attorneys' fees is denied.

---

[7] In addition, we note that Section 5717(b) allows disclosure by a law enforcement officer while giving testimony under oath or affirmation in any criminal proceeding.

---

CONCURRING & DISSENTING OPINION BY JUDGE MAC-PHAIL:

I concur with that part of the majority opinion which holds that we are without jurisdiction to entertain suits seeking the removal of district attorneys, as well as that part of the opinion which would grant summary judgment to Officer Gentile.

Because I respectfully disagree with the majority's interpretation of Section 1420 of the County Code, Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. §450(b), I would hold that we also lack jurisdiction of

suits seeking the removal of assistant district attorneys. I am of the opinion that such action may be taken only by the appointing power, in this instance, the district attorney.

I, therefore, would dismiss for lack of jurisdiction the within action against McClelland and Picking.