**Residents of Lewis Township v. Keener**

2

*Melissa Lobos,* for petitioner.
*Joel Wiest,* for defendant.

SAYLOR, *J.,* May 14, 2003—The important issue presented is whether the provision in the Second Class Township Code, 53 P.S. §65503, authorizing a percentage (five percent) of the electors to obtain a court hear-

ing for removal of a township officer for alleged failure to perform duties is violative of Article VI, Section 7 (entitled "Removal of civil officers"), of the Pennsylvania Constitution. Our Supreme Court has struck down recall voting provisions of home rule charters as unconstitutional in light of Article VI, Section 7, that similarly could have resulted in the de facto removal of an elected official. *In re Petition to Recall Reese,* 542 Pa. 114, 665 A.2d 1162 (1995); *Citizens Committee to Recall Rizzo v. Board of Elections of City and County of Philadelphia,* 470 Pa. 1, 367 A.2d 232 (1976). The rationale of these decisions is equally applicable to the aforesaid statutory provision in the Second Class Township Code for the removal of a township officer, and thus such a provision is also constitutionally infirm. In fact, the court's decision in *Reese* significantly took the necessary step of overruling its prior holding in a 1927 case, *Milford Township Supervisors' Removal,* 291 Pa. 46, 139 A. 623 (1927), that previously upheld the constitutionality of the predecessor statutory provision for removal of a township supervisor in a court proceeding for dereliction of duty. Upon review of *Reese*, it is now clear that the present Second Class Township Code provision for removal of a supervisor must be viewed as invalid.

This matter was brought before the court by a petition brought pro se by a resident of Lewis Township, Joseph Breech, purportedly on behalf of other residents of the township that had signed another petition "for the removal of Charles Keener as Lewis Township Supervisor." There were 100 signatures thereon, together with their addresses, and dated between November 20, 2002 and February 20, 2003. There was attached to the peti-

tion the Northumberland County Registration List for Lewis Township showing 952 voters, thereby demonstrating that there were the required five percent of the electors necessary to bring such a petition before the court under the Second Class Township Code, Act of May 1, 1933, P.L. 103, no. 69, §503, as amended, 53 P.S. §65503.[1] The petition signed by the electors had attached thereto 14 separate allegations of dereliction of duty that formed the basis of the contention that Mr. Keener, as township supervisor, had "fail[ed] to perform the duties of the office." 53 P.S. §65503, *supra.* There are indeed some serious allegations that, if true, could be violative of other provisions of the Second Class Township Code, 53 P.S. §65101 et seq., and the Public Official and Employee Ethics Act, 65 Pa.C.S. §1101 et seq.

In response, the named defendant, through counsel, filed preliminary objections challenging this court's jurisdiction over the matter, and a demurrer, based upon his position that Article VI, Section 7, of the Pennsylvania Constitution provided an exclusive method for any attempt to remove a township supervisor from his elected office, to wit, by the governor, on the address of two-thirds of the senate.

Thereafter, petitioner obtained counsel who filed on his behalf a request to amend the petition, not to add a new cause of action, but to place the original pleading in

---

1. This statute provides as follows: If any township officer fails to perform the duties of the office, the court of common pleas upon complaint in writing by five percent of the electors of the township may issue a rule upon the officer to show cause why the office should not be declared vacant. The officer shall respond to the rule within 30 days from its date of issue. Upon hearing, the court may declare the office vacant and require the vacancy to be filled under section 407.

a form consistent with the rules of civil procedure. The amended pleading, now a complaint, placed the alleged 14 different instances of improprieties into separate counts, as well as making specific references to the different sections of the Second Class Township Code and other statutory provisions allegedly violated.

One significant change in the proposed amended pleading is in the "wherefore clause" wherein the demand for relief has been changed. The original petition was solely filed under section 503 of the Second Class Township Code relating to removal of a township officer, while the proposed complaint states that the court is being requested to determine whether the failure to perform the duties of office result in "misconduct which rises to the level of misbehavior of office allowing this court to remove the respondent from his office under the Pennsylvania State Constitution."

The amended pleading will be allowed under Pa.R.C.P. 1033 as it does conform the original petition to the evidence being offered in support thereof, and it is beneficial to the court in framing the issues, and no perceived detriment to the defendant in allowing such amendment is present. See also, Pa.R.C.P. 126. At argument, it was indicated by the court, that for the sake of judicial economy, the preliminary objections will be considered in relation to such amended pleading, without the necessity for a refiling of them at this time.

I will now address the constitutional question raised here by the defendant.

In *Reese,* the Supreme Court pared away previous distinctions made in the earlier decisions that construed

Article VI, Section 7, of the constitution as not a bar to proceedings, involving a court hearing, to unseat an elected official. These distinctions included whether the office was created in the constitution itself or arose by virtue of an enactment by the legislature, and by construing this article as containing an implied power in the legislature to establish methods for removal. In rejecting these interpretations, the *Reese* court adopted the view espoused by Justice (former Chief Justice) Nix in his concurring opinion in the *Rizzo* case. His approach was that Article VI, Section 7, be given its plain, reasonable construction by sole examination of the language itself. The Pennsylvania Constitution Article VI, Section 7, reads as follows:

"All civil officers shall hold their offices on the condition that they behave themselves well while in office, and shall be removed on conviction of misbehavior in office or of any infamous crime. Appointed civil officers, other than judges of the courts of record, may be removed at the pleasure of the power by which they shall have been appointed. All civil officers elected by the people, except the governor, lieutenant governor, members of the General Assembly and judges of the courts of record, shall be removed by the governor for reasonable cause, after due notice and full hearing, on the address of two-thirds of the senate."

Justice Nix continued with his analysis in *Rizzo* that there were three distinct clauses governing the removal of civil officers. "The first clause [or sentence] applies, without limitation, to 'all civil officers,' and directs that such officers 'shall be removed' on conviction of crime or misbehavior in office." 470 Pa. at 37, 367 A.2d at

250. This provision, he notes, is well settled as a mandatory one. The second clause (or sentence) as to appointees allows for the discretionary removal, with the possibility that the power of removal be vested in someone other than the governor. The third clause (or sentence) provides by mandatory terms that elected officers are removed "by the governor for reasonable cause . . . on the address of two-thirds of the senate." *Id.;* Article VI, Section 7. Recognition of the fact that the three are distinct from each other had been previously noted, and also succinctly described in prior cases as follows:

"Under the new constitution there are three kinds of removal, to wit: on conviction of misbehavior or crime, at the pleasure of the appointing power, and for reasonable cause on the address of two-thirds of the senate." *Commonwealth v. Knox,* 172 Pa. Super. 510, 522, 94 A.2d 128, 134 (1953). (other cases omitted)

It was concluded by Justice Nix that the three clauses, although having a distinct application, were "clearly interrelated, providing a comprehensive and exclusive mechanism for removal." *Rizzo,* 470 Pa. at 38-39, 367 A.2d at 251. In other words, the constitution cannot be interpreted as allowing any legislatively created concurrent or alternative methods for removal. Rather, Article VI, Section 7, is the only means for relief to remove from office an elected official. *Reese, supra.*

Petitioner contends that the statutory provision, section 503 of the code, nonetheless remains available for a possible judicial ouster from office of an elected township supervisor by virtue of the first clause of Article VI, Section 7. This first sentence states, in pertinent part that

"civil officers . . . shall be removed on conviction of misbehavior in office or of any infamous crime." He contends that the legislature has properly provided by way of section 503 a vehicle to bring before the court a township supervisor when he or she has failed to perform his or her job duties to the extent that the same rises to "misbehavior in office" warranting a hearing on removal, but may not constitute the commission of an "infamous crime." It is argued that the first clause of Article VI, Section 7, actually sets forth two categories for removal: (1) conviction for an infamous crime; and (2) misbehavior in office. His position is that *Reese, supra,* is distinguishable because the recall vote method did not allow for due process, whereas the Second Class Township Code provides for a hearing and due process before the court, in order to effectuate the constitution's removal for misbehavior in office.

The fallacy in the petitioner's argument is that it ignores the term "conviction" in clause 1 of Article VI, Section 7, of the constitution, as well as taking the phrase "misbehavior in office" out of its context. It is axiomatic that terms must be given proper effect, by due consideration. Any provision of the constitution must be interpreted in the popular sense, as plain words that are to be given their common or popular meaning. See *Breslow v. Baldwin Township School District,* 408 Pa. 121, 182 A.2d 501 (1962). A "conviction" clearly means that there has been a prior adjudication of guilt, usually accompanied by sentence. *United States v. Jefferson,* 88 F.3d 240 (3d Cir. 1966), *cert. denied,* 117 S.Ct. 536, 519 U.S. 1019, 136 L.Ed.2d 421; see *In re Larsen,* 655 A.2d 239 (Pa. Ct. Jud. Disc. 1994) (a "conviction" does not occur until sentencing).

Thus, in *Commonwealth v. Knox,* an elected magistrate was convicted on an indictment that included a charge of malfeasance and misconduct in office, as to which his sentence included the forfeit of his office. This sentence was upheld on appeal as the first clause of Article VI, Section 7, was found to be self-executing. Removal occurs by virtue of a sentence of the court "upon a conviction 'of misbehavior in office or of any infamous crime.'" *Commonwealth v. Knox, supra,* 172 Pa. Super. at 523, 94 A.2d at 134. Likewise, in *Birdseye v. Driscoll,* 111 Pa. Commw. 214, 534 A.2d 548 (1987), a statutory provision for removal of certain public officials that act in violation of the Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 Pa.C.S. §§5701-5727, could not be utilized against an elected district attorney in view of a Article VI, Section 7, of the constitution, even as an alternative method, since the constitutional provision was "exclusive and prohibitory of any other method which the legislature may deem better or more convenient." 111 Pa. Commw. at 219, 534 A.2d at 550-51, quoting *Commonwealth ex rel Specter v. Martin,* 426 Pa. 102, 117, 232 A.2d 729, 737 (1967). The first clause of Article VI, Section 7, does not need additional statutory framework; in fact, any such legislative attempt will certainly be stricken as contrary to it.

Moreover, as previously noted by Justice Nix in *Rizzo,* both the first and third clauses of Article VI, Section 7, are mandatory, admitting of no exceptions. 470 Pa. at 38, 367 A.2d at 250. Petitioner's argument is not supported by any prior legal authority, and it is also not consistent with the express language that there be a *"conviction* of misbehavior in office." Article VI, Section 7.

(emphasis added) Section 503 cannot be utilized to obtain a "conviction" as it is not a penal statute. Finally, the provision in the Second Class Township Code, section 503, is operative upon a different standard, failure to perform duties of the office. This obviously does not require a "conviction," as it could encompass matters that do not constitute a criminal offense. Accordingly, petitioner's argument of an inter-relationship between section 503 of the Second Class Township Code and the constitutional provision found in clause 1 of Article VI, Section 6, of the Pennsylvania Constitution is untenable.[2]

Accordingly, this court enters the following:

### ORDER

And now, May 14, 2003, in view of the determination that section 503 of the Second Class Township Code, 53 P.S. §65503, is unconstitutional, the defendant's preliminary objections are hereby granted, and thus the petition, as amended, is dismissed with prejudice.

---

2. All township officers are elected officials (supervisors, assessor, auditors, tax collector) under the Second Class Township Code, 53 P.S. §65402, and thus since Article VI, Section 7, applies to each of them, there appears to be no situation in which section 503 of the code, 53 P.S. §65503, could possibly remain in effect as a basis for removal from office.