Harry W. BUCHANAN and Barbara C. Buchanan, husband and wife, Appellants

v.

TAX CLAIM BUREAU OF PIKE COUNTY and Nancy Williams, Tax Claim Director and Rose Financial, Ltd.

Commonwealth Court of Pennsylvania.

Argued Sept. 7, 2004.

Decided Oct. 20, 2004.

---

**612**

Andrew J. Hailstone, Scranton, for appellant.

Marshall E. Anders, Stroudsburg, for appellee, Rose Financial, Ltd.

Gregory H. Chelak, Milford, for appellees, Tax Claim Bureau of Pike Cnty. and N. Williams.

BEFORE: FRIEDMAN, Judge, and LEADBETTER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Harry Buchanan and Barbara Buchanan (Appellants) appeal from a decision of the Court of Common Pleas of Pike County (trial court) which granted the motion for summary judgment filed by the Tax Claim Bureau of Pike County and Rose Financial, Ltd. (Rose Financial) (collectively, "Appellees") and dismissed Appellants' Complaint in Mandamus. We affirm.

---

**1.** Schneider was also Appellants' attorney. Appellants filed a legal malpractice action against him. The record does not disclose

On October 13, 1999, John J. Schneider, Esq., (Schneider) who is the sole owner, shareholder, director and office holder of Rose Financial, bought Appellants' property at a tax sale.[1] Appellants filed objections and exceptions to the tax sale, which were dismissed by the trial court. On appeal, this Court affirmed the decision of the trial court in an unreported opinion and the Supreme Court denied Appellants' petition for allowance of appeal. *See Buchanan v. Tax Claim Bureau of Pike County,* 777 A.2d 545 (Pa.Cmwlth.2001), *petition for allowance of appeal denied,* 569 Pa. 709, 805 A.2d 526 (2002).

Thereafter, on July 25, 2002, Appellants filed a Complaint in Mandamus alleging that Schneider's status as a member of the Pike County Planning Commission made him a "county officer" and thus ineligible to purchase property at a tax sale pursuant to Section 1806 of the County Code, Act of August 9, 1955, P.L. 323, 16 P.S. § 1806. Section 1806 provided, in relevant part, that:

> No elected or appointed **county officer** shall be in any wise, either directly or indirectly, personally interested in any contract to which the county is a party, or in the construction of any public work or improvement made or undertaken under the authority of the county commissioners, or receive any reward or gratuity from any person so interested. *No such officer shall purchase directly or indirectly any property sold at a tax or municipal claim sale.*

(emphasis added). Section 1806 does not define the term "county officer". This provision was amended by Section 8 of the Act of December 22, 2000, P.L. 1019, which became effective 60 days later. Currently, Section 1806 provides that:

whether or not Appellants' legal malpractice action was successful.

Restrictions on the involvement of elected and appointed county officers in any county contract shall be as prescribed in 65 Pa.C.S. Ch. 11 (relating to ethics standards and financial disclosure).

16 P.S. § 1806. Section 1102 of the Public Official and Employee Ethics Act (Ethics Act) defines "Public Official" as:

Any person elected by the public or elected or appointed by a governmental body or an appointed official in the executive, legislative or judicial branch of this Commonwealth or any political subdivision thereof, provided that it shall not include members of advisory boards that have no authority to expend public funds other than reimbursement for personal expense or to otherwise exercise the power of the State or any political subdivision thereof.

65 Pa.C.S. § 1102. However, because the tax sale occurred before the effective date of the current Section 1806 which uses the definition of "Public Official" in the Ethics Act, the former Section 1806 is applicable to this case.

Based on their contention that Schneider was a "county officer", Appellants asked the trial court to order the Tax Claim Bureau of Pike County to void the tax sale. Appellees filed an Answer and a New Matter. Additionally, Appellees filed a Motion for Summary Judgment. By order dated January 2, 2004, the trial court granted Appellees' Motion for Summary Judgment and dismissed Appellants' Complaint in Mandamus, reasoning that a member of a county planning commission is not a "county officer." In addition, the trial court concluded that Appellants are not entitled to relief in mandamus because "[w]hat the Complaint solely seeks is for [Tax Claim Director] Williams to exercise her discre-

tion to void a sale. [Appellants] are asking for a discretionary act to have to have [Tax Claim Director] Williams void the tax sale. What is required for the issuance of a writ of mandamus is a mandatory act. Therefore, [Appellants] have no right as a matter of law for relief in mandamus ..." Appellants' appeal to this Court followed.[2]

On appeal, Appellants argue that: 1) the trial court erred in holding that Schneider was not a "county officer" and thus erred in granting Rose Financial's Motion for Summary Judgment and 2) the trial court erred in concluding that Appellants are not entitled to relief in mandamus.

Pa. R.C.P. No. 1035.2 sets forth the standard for determining whether a grant of summary judgment is proper:

Rule 1035.2. Motion

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

(1) *whenever there is no genuine issue of any material fact* as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa. R.C.P. No. 1035.2 (emphasis added). Additionally, in order for a grant of summary judgment to be proper, the right to

---

**2.** Our scope of review of an order granting or denying summary judgment is limited to determining whether the trial court committed an error of law or abused its discretion. *Borkey v. Township of Centre,* 847 A.2d 807, 811 (Pa.Cmwlth.2004).

judgment must be clear and free from doubt. *Bronson v. Horn,* 830 A.2d 1092, 1094 (Pa.Cmwlth.2003). "[T]he party who brought the motion has the burden of proving that no genuine issue of fact exists. All doubts as to the existence of a genuine issue of a material fact are to be resolved against the granting of summary judgment." *Penn Center House, Inc. v. Hoffman,* 520 Pa. 171, 176, 553 A.2d 900, 903 (1989).

In support of their argument, Appellants cite this Court's decision in *Susquehanna County Tax Claim Bureau v. Aliano,* 803 A.2d 234 (Pa.Cmwlth.2002), *petition for allowance of appeal denied,* 572 Pa. 717, 813 A.2d 848 (2002). In that case, the Susquehanna County District Attorney, Mr. Aliano, on behalf of himself and three business partners, Mr. Lopatofsky, who was a member of the Susquehanna County Planning Commission, Mr. O'Reilly and Ms. Fekette, placed a bid on a property at a tax sale and the bid was accepted by the Tax Claim Bureau on September 25, 2000. However, on October 24, 2000, the Tax Claim Bureau petitioned to set aside the tax sale on the basis that the sale violated Section 1806. At a hearing on the petition, the District Attorney and the member of the planning commission stipulated that they have agreed to relinquish their interests in the property. Following the hearing, the trial court denied the Tax Claim Bureau's petition to set aside the tax sale. On appeal to this Court, the Tax Claim Bureau argued that Section 1806 of the County Code prohibited the sale and that the disclaimer after the sale did not cure the prohibited sale. We agreed with the Tax Claim Bureau and stated that:

> Here, Ms. Fekette and Mr. O'Reilly were not statutorily precluded from purchasing the property; however, *their involvement with D.A. Aliano inescapably tainted the purchase.* Section 1806 of the County Code prevents officials from

acquiring personal interest in violation of the public trust. There is only one way to enforce the prohibition and to effectively administrate the public policy underlying the legislation presently and, in particularly, in the future. The sale must be declared void.

*Id.* at 237 (emphasis added). Accordingly, we reversed the decision of the trial court.

In *Aliano,* this Court did not hold that the member of the planning commission was a "county officer" under Section 1806. Rather, this Court held that the District Attorney's involvement in the purchase of the property voided the tax sale. The effect of the involvement in the sale by the member of the planning commission was not addressed by this Court. Therefore, *Aliano* is not controlling in this matter.

As another basis for their contention that Schneider is a "county officer" and therefore precluded from bidding at tax sales, Appellants cite to the definition of "public official" in Section 1102 of the Ethics Act. Appellants concede that this definition is not controlling because the former Section 1806, which does not refer to the Ethics Act, was still in effect at the time of the tax sale. Given this fact, we will not further address Appellants' argument in this regard. Rather, we will look to the definition of "county officer" which was in effect at the time of the tax sale and still is in effect. As noted above, Section 1806 does not define the term "county officer". However, the Pennsylvania Constitution does define the term "county officer." Article IX, section 4 of the Pennsylvania Constitution provides, in relevant part, that:

> County officers shall consist of commissioners, controllers or auditors, district attorneys, public defenders, treasurers, sheriffs, registers of wills, recorders of deeds, prothonotaries, clerks of the

courts, and *such others as may from time to time be provided by law.*

Pa. Const. Art. 9, § 4 (emphasis added). In their briefs, neither party cited to the definition of "county officer" in the PA Constitution. Clearly, members of county planning commissions are not included in the definition of "county officers" in the Pennsylvania Constitution. As such, we must determine whether members of planning commissions fall into the category of "such others as may from time to time be provided by law." Appellants cite the fact that planning commissions are established under the Municipalities Planning Code (MPC) as support for their argument that members of planning commissions are "county officers."[3] However, the MPC does not state that members of planning commissions are "county officers." In addition, Appellants have cited to no other law, and this Court can find none, which define members of planning commissions as "county officers."

Appellants' reliance upon our decision in *Birdseye v. Driscoll,* 111 Pa.Cmwlth. 214, 534 A.2d 548 (1987), is also misplaced. In *Birdseye,* a complaint was filed in this Court's original jurisdiction seeking to remove a number of people from office, including two assistant district attorneys. In considering the motion for summary judgment filed by the two assistant district attorneys, this Court noted that Section 450(b) of the County Code provides that:

> (b) Appointees to county offices or positions other than to elected offices shall be subject to removal at the pleasure of the appointing power, except as otherwise expressly provided by law, and they shall also be removed on conviction

of misbehavior in office or of any infamous crime.

16 P.S. § 450. Appellants cite *Birdseye* for the proposition that an "appointed county official" is defined as any official who serves at the behest of an appointing power. Because Schneider was appointed to the planning commission by the county commissioners, Appellants argue that he is an "appointed county officer." We disagree. The fact that a member of a planning commission is subject to removal from his position does not elevate him to the status of a "county officer." As noted above, the term "county officer" is defined in the constitution and a member of the planning commission is not included in that definition and is not otherwise incorporated into that definition by a specific statute.

Because there was no genuine issue of any material fact and it was clear and free from doubt that Schneider was not a "county officer", the trial court correctly decided that Schneider's involvement in the tax sale was not prohibited by Section 1806 of the County Code. Accordingly, the trial court did not err by granting Appellees' motion for summary judgment. Consequently, the trial court also correctly decided that Appellants are not entitled to mandamus relief, as the Tax Claim Director did not have a duty to void the tax sale.[4]

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, October 20, 2004, the order of the Court of Common Pleas of Pike County docketed at No. 33 Civil 2002 and

---

3. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10101–11202.

4. Additionally, Appellants' objections and exceptions to the tax sale have already been decided on the merits, and they did not raise

the issue of Schneider's membership on the planning commission in that case. Therefore, Appellants are barred from raising that issue now.

dated January 2, 2004 is hereby AF-FIRMED.