983 A.2d 209

James WELCH, Appellant

v.

Edward PALKA, Individually;  and as A Kingston, Luzerne Co. Police Officer;  and Richard Kotchik, Individually;  and as A Kingston, Luzerne Co. Police Officer;  and Mario Scotti, Individually;  and as an Avoca, Luzerne Co. Police Officer;  and Robert Evans, Individually;  and as an Avoca, Luzerne Co. Police Officer;  and John Doe, Individually;  and as A Plymouth, Luzerne Co. Police Officer, Appellees.

Supreme Court of Pennsylvania.

Nov. 18, 2009.

PER CURIAM.

**AND NOW,** this 18th day of November, 2009, the order of the Commonwealth Court of November 24, 2008, in the above matter, is **AFFIRMED IN PART** and **REVERSED AND REMANDED IN PART.** Specifically, the order of the Commonwealth Court is **AFFIRMED** to the extent that it dismisses with prejudice all relief requested by Appellant, James Welch, that deviates from the relief specifically provided for by 18 Pa.C.S. § 5726(a), which vests jurisdiction in the Commonwealth Court.  However, contrary to the conclusion of the Commonwealth Court, it appearing that Appellant has specifically alleged violations of 18 Pa.C.S. § 5703 and 18 Pa.C.S. § 5741, and, absent full and sufficient legal analysis of these and related provisions by the Commonwealth Court establishing otherwise, it appearing that Appellant has alleged sufficient facts that **may** meet the criteria for establishing violations of these sections, the Commonwealth Court incorrectly concluded that it is clear and free from all doubt that Appellant has failed to plead a viable cause of action pursuant to 18 Pa.C.S. § 5726.  Accordingly, the order of the Commonwealth Court is **REVERSED IN PART,** and this matter is **RE-MANDED** to the Commonwealth Court for further proceed-

ings on Appellant's 18 Pa.C.S. § 5726 claim. In those further proceedings, Appellant's allegations may be tested, pursuant to any well-pled motion, by appropriate legal analysis of the applicable sections of the Wiretapping and Electronic Surveillance Control Act, taking into consideration, among other things, the provisions of 18 Pa.C.S. § 5703 and 18 Pa.C.S. § 5741 and the legislative definitions set forth at 18 Pa.C.S. § 5702, and any factual record established before the Commonwealth Court.

Chief Justice CASTILLE files a Concurring and Dissenting Statement, in which Justice EAKIN joins.

Justice TODD dissents, and would affirm the order of the Commonwealth Court.

Chief Justice CASTILLE, concurring and dissenting statement.

I join in the Court's Order to the extent that it affirms the Commonwealth Court's dismissal with prejudice of the bulk of appellant's pleas for relief. I respectfully disagree, however, with the decision to vacate the Commonwealth Court's dismissal of appellant's claim seeking appellees' removal from their positions as law enforcement or investigative officers under the Wiretap Act ("the Act") at 18 Pa.C.S. § 5726.

Appellant, at present an inmate at SCI–Cresson, filed a pro se "Petition for Review in the Style of Action for Removal from Office" in the Commonwealth Court in May 2008, alleging that appellees, who are police officers and members of the Luzerne County Drug Task Force, had seized several of his cellular telephones during 2007. Appellant claimed that appellees accessed the "data" stored in the phones in the course of investigating him and used that information to "secure evidence and testimony from persons calling said cellular telephones and/or whose telephone numbers and identities were stored as 'data' in said cellular telephones." Petition for Review at 3. In an amended petition filed in July 2008, appellant claimed that appellees had accessed his voicemail as well and that appellees' actions had led to criminal charges

against him in the Court of Common Pleas of Luzerne County, to which he ultimately pleaded guilty. Petition for Review at 5. This is why appellant is serving time in prison. Appellant sought removal of appellees from office, declaratory judgment of his right to relief, and, notably, expungement of his guilty pleas. *Id.* at 7. Appellees responded with preliminary objections in the nature of a demurrer. In a brief memorandum opinion dated November 24, 2008, a single judge of the Commonwealth Court sustained appellees' preliminary objections. *See* Cmwlth. Ct. Op. at 2–3.

The Court's Order today notes that the Commonwealth Court failed to conduct a full and sufficient legal analysis of this appeal in light of this Court's belief that appellant has alleged facts that, taken as true at the pleading stage, **may** support a viable claim that appellees violated Section 5703 of the Act, which prohibits unauthorized interception, disclosure or use of wire, electronic or oral communications; and Section 5741 of the Act, which prohibits unauthorized access to a wire or electronic communication while it is in electronic storage.

Although I agree that the Commonwealth Court should have engaged in a more considered analysis, I would affirm the order below in its entirety. This lawsuit is, in large part, a gambit to engage in a collateral attack upon appellant's conviction, which resulted from his guilty plea. Appellant knowingly limited his judicial options when he pleaded guilty and now invokes the Act not only as a "stalking horse" to relitigate his conviction—an attempt the Court properly halts—but, tangentially, to personally harass the police officers who successfully investigated him. I would not allow this lawsuit to proceed as it invites other improper attacks upon the police, which I do not believe the Act intended to authorize.

Allowing this sort of disgruntled prisoner litigation case to go forward risks a perversion of the obvious purpose and intention of Section 5726 of the Act. The removal cause of action it sets forth, an extreme sanction that has rarely if ever been deployed, was clearly intended to deter the most egregious intentional violations of personal privacy. In *Leventry v. Miller*, 796 A.2d 427 (Pa.Cmwlth.2002), the petitioner

sought removal of county detectives under Section 5726 after an informant, who wore a body wire during a phone call with the petitioner, induced the petitioner to buy a number of controlled prescription tablets in a street-level transaction. The Commonwealth Court dismissed the petition, finding that removal may only be ordered upon a finding of an intentional violation of the Act and that the petitioner had pled no facts indicating any violation of the Act, let alone an intentional one. *Id.* at 430–31.

The *Leventry* court noted that, as of then, only one other Section 5726 case had been published, *Birdseye v. Driscoll,* 111 Pa.Cmwlth. 214, 534 A.2d 548 (1987). *Birdseye* held, *inter alia,* that district attorneys, as elected county officials, are not subject to removal under the Act, but that assistant district attorneys, as appointed county officials, may be subject to removal. *Id.* at 551. My research reveals no other instance in this Commonwealth's reported jurisprudence where removal has been substantively litigated, much less permitted, which speaks to the drastic nature of the remedy. While we must take appellant's vague claims as true at this stage of the litigation, they fall far short of the outrageous, illegal, and abusive invasions of individuals' privacy that Section 5726 targets. Since the potential for abuse is so ripe, and the consequences so extreme, I would tread carefully before authorizing this sort of prisoner litigation. Today's disposition invites future use of Section 5726 to place an unrealistic and even punitive personal burden on legitimate and effective law enforcement officers who cope with the mobility, elusiveness, and technological prowess of modern drug dealers. *See Commonwealth v. Cruttenden,* 976 A.2d 1176, 1183–84 (Pa.Super.2009) (Stevens, J., concurring).

I respectfully dissent, therefore, from this Court's Order to the extent that it overturns the dismissal of appellant's claim seeking appellees' removal from their positions as law enforcement or investigative officers under the Wiretap Act.

Justice EAKIN joins this concurring and dissenting statement.