# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Robert C. McCulligan, : | |
| Petitioner : | |
| : | |
| v. : | No. 670 M.D. 2014 |
| : | SUBMITTED: July 24, 2015 |
| Pennsylvania State Police and, : | |
| Charles Steinmetz, PSP State : | |
| Trooper, Individual and Official : | |
| Capacity and, Michael J. Minanno, : | |
| PSP State Trooper, Individual and : | |
| Official Capacity and, Anthony J. : | |
| Spagnoletti, Montgomery County : | |
| Detective, Individual and Official : | |
| Capacity and, Walter Zdunowski, : | |
| Montgomery County Detective, : | |
| Individual and Official Capacity and, : | |
| Erick Echevarria, Montgomery : | |
| County Detective, Individual and : | |
| Official Capacity, : | |
| Respondents : | |

BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
            HONORABLE ROBERT SIMPSON, Judge
            HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION BY
JUDGE LEADBETTER                    FILED: September 10, 2015


Before us for disposition in our original jurisdiction are the preliminary objections of 1) the Pennsylvania State Police (PSP) and PSP Troopers Charles Steinmetz and Michael J. Minanno (PSP Respondents); and 2) Montgomery County detectives Anthony J. Spagnoletti, Walter Zdunowski, and

Erick Echevarria (Montgomery County Respondents), to the petition for review filed by *pro se* Petitioner Robert C. McCulligan. McCulligan alleges that Respondents intentionally violated the Wiretapping and Electronic Surveillance Control Act (Wiretap Act)[1] during the course of their October 2003 to January 2004 investigation leading to his incarceration. We sustain Respondents' preliminary objections and dismiss McCulligan's petition for review.

In December 2014, McCulligan filed his petition averring that Respondents, without his consent, intercepted oral communications from inside his home and other places where he could reasonably expect privacy and unlawfully disseminated them to the public via the media and to persons other than investigative or law enforcement officers. Petition for Review, ¶¶ 10 and 36. He alleges that Respondents did so without good faith reliance on a court order, without the statutorily required Class B certification, without keeping written records of the intercepted communications, and without maintaining and sealing the records of those communications. *Id*. ¶¶ 15, 16, 30 and 32. Accordingly, McCulligan requests that this Court 1) order a hearing to verify his allegations that Respondents violated the Wiretap Act and concealed their violations; 2) order the removal of Respondents from their respective offices and employment pursuant to Section 5726 of the Wiretap Act, 18 Pa. C.S. § 5726; and 3) award damages, punitive damages, counsel fees, litigation costs and any other relief deemed just and proper pursuant to Section 5725 of the Wiretap Act, 18 Pa. C.S. § 5725.

In April 2015, Respondents filed their respective preliminary objections to the petition, both maintaining that it should be dismissed due to McCulligan's failure to sufficiently allege all of the material facts upon which his

---

[1] 18 Pa. C.S. §§ 5701-5781, *as amended*.

2

cause of action was based with the requisite specificity in compliance with Rule 1019(a) of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 1019(a). In addition, PSP Respondents contend that McCulligan's civil cause of action for statutory money damages under Section 5725 of the Wiretap Act is barred by the two-year statute of limitations for civil penalties found in Section 5524(5) of the Judicial Code, *as amended*, 42 Pa. C.S. § 5524(5). Further, they maintain that there is no cause of action against an agency under the Wiretap Act in that the remedies available under Sections 5725 and 5726 lie solely against individuals.

The Montgomery County Respondents independently maintain that McCulligan's claim under Section 5725 of the Wiretap Act should be dismissed for lack of subject matter jurisdiction pursuant to Rule 1028(a)(1) of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 1028(a)(1), and by virtue of the fact that the county detectives are not officers of the Commonwealth government under Section 761(a) of the Judicial Code, 42 Pa. C.S. § 761(a). Further, contending that state troopers similarly are not officers of the Commonwealth government, the Montgomery County Respondents assert that McCulligan's inclusion of PSP and the two troopers does not bring his claim for damages within our original jurisdiction because such a claim falls within an exception to this Court's original jurisdiction. In support, they cite Section 761(a)(1)(v) of the Judicial Code, 42 Pa. C.S. § 761(a)(1)(v) and *Boettger v. Miklich*, 481 A.2d 972 (Pa. Cmwlth. 1984). In addition, they maintain that McCulligan's inclusion of an action under Section 5726 of the Wiretap Act does not vest this Court with ancillary jurisdiction over his Section 5725 action. Finally, where applicable, the Montgomery County Respondents seek to adopt and

3

incorporate by reference the arguments made and authorities cited in PSP Respondents' brief.

In ruling upon preliminary objections in the nature of a demurrer, we must accept as true all well-pled facts and all reasonable inferences deducible therefrom, and we must determine whether the facts pled are legally sufficient to permit the action to continue. *Altoona Housing Auth. v. City of Altoona*, 785 A.2d 1047, 1050 (Pa. Cmwlth. 2001). We are not required, however, to accept conclusions of law or expressions of opinion. *Pa. Div., Horsemen's Benevolent & Protective Ass'n, Inc. v. Mountainview Thoroughbred Racing Ass'n*, 855 A.2d 957, 961 (Pa. Cmwlth. 2004). In that a demurrer results in the dismissal of a suit, it should be sustained only in cases that are clear and free from doubt and only where it appears with certainty that the law permits no recovery under the allegations made. *Id*. We first turn to the Montgomery County Respondents' assertion that, although this Court has original jurisdiction over the removal provision found in Section 5726 of the Wiretap Act, we do not have it over the damages provision found in Section 5725.

In pertinent part, Section 5726(a) of the Wiretap Act expressly provides:

> (a) Cause of Action.−Any aggrieved person shall have the right to bring an action in *Commonwealth Court* against any investigative or law enforcement officer, public official or public employee seeking the officer's, official's or employee's removal from office or employment on the grounds that the officer, official or employee has intentionally violated the provisions of this chapter.

18 Pa. C.S. § 5726(a) (emphasis added). In contrast, Section 5725(a) provides:

> (a) Cause of Action.− Any person whose wire, electronic or oral communication is intercepted, disclosed or used in violation of this chapter shall have a civil

4

cause of action against any person who intercepts, discloses or uses or procures any other person to intercept, disclose or use, such communication . . . .

18 Pa. C.S. § 5725(a).

Notwithstanding the basic tenet of statutory construction that the omission of language from a provision and inclusion of it in a similar provision is indicative of a different legislative intent,[2] McCulligan argues that we have ancillary jurisdiction over his civil damages claim because we have jurisdiction over his claim seeking removal. Although we have found no direct authority indicating that the issue of jurisdiction has been definitively determined, we have observed as follows regarding the inclusion of jurisdictional language in Section 5726 and its omission in Section 5725:

> Significantly, [Section 5726(a)] expressly provides that an aggrieved person shall bring [his or her equitable cause of] action in the Commonwealth Court, although *the immediately preceding section, which creates a civil action for money damages, 18 Pa. C.S. § 5725, provides no such language vesting this court with jurisdiction. Fundamental in statutory construction is the rule that, where a section of a statute contains a given provision, the omission of that provision from a similar section is significant to show a different intention existed*.

*Boettger*, 481 A.2d at 975 n.2 (emphasis added) (citations omitted). *See also Birdseye v. Driscoll*, 534 A.2d 548, 550 n.2 (Pa. Cmwlth. 1987) (a removal case noting the distinction made in *Boettger* "between actions for damages under Section 5725 and an equitable cause of action for removal created by Section 5726, which contains express language vesting this Court with original jurisdiction") and *Welch v. Palka*, (Pa. Cmwlth., No. 274 M.D. 2008, filed November 29, 2010), slip op. at 8 n.4, *aff'd*, 40 A.3d 1185 (Pa. 2012) (single-judge opinion reiterating the

---

[2] Section 1921 of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1921.

5

distinction made in *Boettger* and noting: "[I]n the absence of specific language stating otherwise, this Court is arguably not vested with jurisdiction to hear claims made under either Sections 5741 or 5747 [of the Wiretap Act, *as amended*, 18 Pa. C.S. §§ 5741 and 5747].").[3]  Accordingly, where the legislature specifically afforded jurisdiction to this Court in Sections 5726 and 5728 of the Wiretap Act, 18 Pa. C.S. §§ 5726 and 5728,[4] for example, the absence of such language in other provisions indicates its intent not to afford this Court jurisdiction over other provisions even in situations where ancillary jurisdiction arguably could apply.

In any event, even if we were to conclude that it would be appropriate to transfer the damage claim to the court of common pleas, that would be an unnecessary waste of judicial resources here, because McCulligan's action under Section 5725 of the Wiretap Act is barred by the statute of limitations found in Section 5524(7) of the Judicial Code, *as amended*, 42 Pa. C.S. § 5524(7).[5]  In

---

[3] Sections 5741 and 5747 of the Wiretap Act are located in subchapter C, pertaining to stored wire and electronic communications and transactional records access.  The Wiretap Act defines "court" as follows:  "The Superior Court.  For the purposes of Subchapter C only, the term shall mean the court of common pleas."  Section 5702 of the Wiretap Act, *as amended*, 18 Pa. C.S. § 5702.

[4] In pertinent part, Section 5728 of the Wiretap Act provides:  "Whenever it shall appear that any person is engaged or is about to engage in any act which constitutes or will constitute a felony violation of this subchapter, the Attorney General may initiate a civil action in the Commonwealth Court to enjoin the violation."

[5] In response to McCulligan's contention that Respondents' affirmative defense of the applicability of a statute of limitations was improperly pled and must be disregarded or stricken, we acknowledge that such a defense typically must be raised in new matter.  Where, as here, however, that defense is clear from the pleadings, the responding party did not file preliminary objections to the preliminary objections and delaying a ruling would serve no purpose, we conclude that Respondents can raise the defense in their preliminary objection in the nature of a demurrer.  *Petsinger v. Dep't of Labor & Industry, Office of Vocational Rehab.*, 988 A.2d 748, 758 (Pa. Cmwlth. 2010).  *See also Faust v. Dep't of Revenue*, 592 A.2d 835, 838 n.3 (Pa. Cmwlth. 1991) (holding that sovereign immunity may be raised in preliminary objections in the nature of a demurrer when it is clear that delaying a ruling would serve no purpose) and *Feldman* **(Footnote continued on next page…)**

6

pertinent part, Section 5524(7) of the Judicial Code provides a two-year limitation for "[a]ny other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit, or fraud, except an action or proceeding subject to another limitation specified in this subchapter." *Bristow v. Clevenger et al.,* 80 F. Supp. 2d 421, 428 (W.D. Pa. 2000) (court applied two-year statute of limitations found in Section 5524(7) of the Judicial Code to an action alleging violation of Section 5725 of the Wiretap Act).[6]

Moreover, as PSP Respondents maintain, because McCulligan knew about the intercepted communications at least since December 2004, when he filed an omnibus pre-trial motion in his criminal case seeking the suppression of evidence resulting from search warrants and wiretap authorizations, he had two years from that time period in which to file a civil action seeking statutory damages under the Wiretap Act. In *Bristow*, 80 F. Supp. 2d at 429, the court found that the limitations period applicable to Section 5725 of the Wiretap Act commenced after the plaintiff learned of the alleged unlawful wiretapping. *See also* Section 5747(e) of the Wiretap Act, *as amended,* 18 Pa. C.S. § 5747(e)

---

**(continued…)**

*v. Hoffman*, 107 A.3d 821, 829 (Pa. Cmwlth. 2014) (holding that, where it is apparent from the face of the pleading that the cause of action does not fall within any exception to governmental immunity, it may be raised in preliminary objections in the nature of a demurrer).

[6] In so determining, we reject PSP Respondents' contention that Section 5524(5) of the Judicial Code, pertaining to civil penalty or forfeiture, applies to Section 5725 of the Wiretap Act. In addition, we reject any implication that a six-year statute of limitations is applicable to Section 5725 of the Wiretap Act. In *Bristow*, 80 F. Supp. 2d at 428, the court noted that the Commonwealth Court in *Boettger* used the six-year catchall limitations period in Section 5527 of the Judicial Code, *as amended*, 42 Pa. C.S. § 5527, for an action under Section 5725 of the Wiretap Act because the legislature did not amend Section 5524 of the Judicial Code to add subsection 7 until 1982.

(providing for equitable relief and money damages for unlawful access to stored communications and specifying that, "[a] civil action under this section may not be commenced later than two years after the date upon which the claimant first discovered or had a reasonable opportunity to discover the violation."). Accordingly, in light of our determination that McCulligan's action under Section 5725 is barred by the applicable statute of limitations, it would serve no purpose for us to transfer that part of the case to common pleas court. Having determined that McCulligan's damage claim is barred by the statute of limitations, we turn to the preliminary objections pertaining to Section 5726.

Both sets of Respondents maintain that the petition should be dismissed for lack of specificity. In that regard, Pennsylvania is a fact-pleading state and Rule 1019(a) provides that "[t]he material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Specifically, a plaintiff is required "to plead all the facts that he must prove in order to achieve recovery on the alleged cause of action." *Commonwealth ex rel. Pappert v. TAP Pharm. Products, Inc.*, 868 A.2d 624, 636 (Pa. Cmwlth. 2005). Legal conclusions and general allegations of wrongdoing, without the requisite specific factual averments or support, fail to meet the pleading standard. *See Lerner v. Lerner*, 954 A.2d 1229, 1235-36 (Pa. Super. 2008).

In the present case, McCulligan needed to plead the facts necessary to establish a cause of action for removal under Section 5726 of the Wiretap Act. Instead, he made a series of legal conclusions, without specifying how or when the alleged violations occurred, who committed the alleged violations, what information was disclosed, the recipient of the information, under what circumstances information was disclosed or what subsections of the Act were

8

allegedly violated. Further, his petition lacks averments specifying the circumstances of the 2003 to 2004 communications at issue, such as time, place, participants, means of communication, means of interception and consent or lack thereof of the participants. In addition, his petition contains inconsistent averments concerning whether a proper court order was obtained. Respondents, therefore, were unable to discern the grounds for appropriate responses and defenses. *See Ammlung v. City of Chester*, 302 A.2d 491, 498 n.36 (Pa. Super. 1973) (holding that a plaintiff in his complaint must accurately and completely set forth the specific basis for recovery so that a defendant knows what grounds to make his defense.).

Moreover, we conclude that it would be futile to afford McCulligan an opportunity to file a more specific pleading. *See Ibn-Sadiika v. Riester*, 551 A.2d 1112, 1117 (Pa. Super. 1988) (holding that a plaintiff's right to amend a complaint is properly withheld "[w]here the initial pleading reveals that [its] defects are so substantial that amendment is not likely to cure them, and that the prima facie elements of the claims asserted will not be established . . . ."). As former Chief Justice Castille stated in a concurring and dissenting statement regarding Section 5726 of the Wiretap Act: "The removal cause of action . . . [is] an extreme sanction that has rarely if ever been deployed, [and] was clearly intended to deter the most egregious intentional violations of personal privacy." *Welch v. Palka*, 983 A.2d 209, 211 (Pa. 2009).[7]

---

[7] In light of our disposition, we need not address PSP Respondents' assertion that PSP should be dismissed because there is no cause of action against an agency under the Wiretap Act. In that regard, we note only that the language of both provisions at issue specifies actions against individuals.

9

Accordingly, we sustain Respondents' preliminary objections and dismiss McCulligan's petition with prejudice.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert C. McCulligan,                      :
                        Petitioner          :
                                            :
            v.                              :   No. 670 M.D. 2014
                                            :
Pennsylvania State Police and,             :
Charles Steinmetz, PSP State               :
Trooper, Individual and Official           :
Capacity and, Michael J. Minanno,          :
PSP State Trooper, Individual and          :
Official Capacity and, Anthony J.          :
Spagnoletti, Montgomery County             :
Detective, Individual and Official         :
Capacity and, Walter Zdunowski,            :
Montgomery County Detective,               :
Individual and Official Capacity and,      :
Erick Echevarria, Montgomery               :
County Detective, Individual and           :
Official Capacity,                          :
                        Respondents         :

# **O R D E R**

AND NOW, this 10th day of September, 2015, the preliminary objections of the PSP Respondents and the Montgomery County Respondents are hereby SUSTAINED and the petition for review is DISMISSED with prejudice.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge