# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

George Wayne Brooks, :
                        Petitioner :
        :
          v.                   :    No. 294 M.D. 2022
                                         :    SUBMITTED: July 14, 2023
Captain S. Scicchitano, Supt. Thomas :
S. McGinley, Keri Moore, :
                Respondents :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                **FILED: September 6, 2023**


Before the Court in our original jurisdiction[1] are the preliminary objections of Respondents Captain S. Scicchitano, Supt. Thomas S. McGinley, and Keri Moore, all of whom are staff of the Department of Corrections, to the amended petition for review filed *pro se* by Petitioner George Wayne Brooks, an inmate incarcerated at the State Correctional Institution at Coal Township (SCI-Coal

---

[1] This matter was initially filed in the Court of Common Pleas of Northumberland County, which then transferred the case to this Court. *See* Section 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a).

Township).[2]  Upon review, we sustain Respondents' objections and dismiss the petition.

The facts as alleged in the petition are as follows.  In 2021, a volunteer with the Human Rights Coalition (HRC) sent Brooks a monetary gift of $50.00 through the Department's JPay system.[3]  This money came from donations HRC received to aid inmates with their postage and telephone charges, and commissary purchases.  Brooks never received the money as the JPay transaction was rejected and the money was ultimately returned to HRC without explanation.  HRC attempted to resend the $50.00 to Brooks via JPay, but again it was rejected without explanation.

After being made aware of the attempted JPay gifts by HRC, Brooks filed a "DC-135 request" to SCI-Coal Township security indicating that he had not received the JPay gifts or an explanation as to why they were rejected, and that he would file a criminal complaint if the money had been stolen.  Pet. ¶ 3.  Brooks did not receive a response to this request.  In January 2022, Brooks filed a grievance with the Department complaining that the two JPay gifts from HRC had been rejected without explanation.  Brooks maintained that no Department rules or policies had been violated through the attempted JPay transactions and that HRC had been sending money to other inmates in other facilities "without any problems or complications."  Pet. ¶ 4.

---

[2] As averred in the petition and confirmed in Respondents' brief, Scicchitano is the security captain at SCI-Coal Township, McGinley is the Superintendent of SCI-Coal Township, and Moore is the Department's Chief Grievance Officer.  Pet. ¶¶ 19-21; Resp'ts' Br. at 4.

[3] JPay is the company the Department uses for the processing of all money orders sent to inmates in Pennsylvania correctional institutions.  *See* https://www.cor.pa.gov/family-and-friends/Pages/How%20to%20Send%20an%20Inmate%20Money.aspx (last visited September 5, 2023).

2

According to Brooks, Scicchitano denied his grievance, stating that the transactions were rejected because the individual who sent them "had not been properly verified or vetted and was not on [Brooks']s visiting list." Pet. ¶ 6. Scicchitano's response further stated that Brooks's monetary transactions "would continue to be monitored and all monetary JPay gifts would be rejected if the sender was not properly vett[]ed and on his visitation list." *Id.* When Brooks subsequently asked Scicchitano to identify the prison rule or policy that required individuals to be vetted and on an inmate's visitation list prior to sending money through JPay, Scicchitano purportedly responded that there was no policy number, it was a matter of "local procedure," and "receiving J[]Pays is a privilege, not a right." Pet. ¶ 10. Brooks then appealed the decision through the Department's grievance process, with both McGinley and Moore upholding the grievance denial. Brooks then filed the instant petition. However, neither his DC-135 request nor any of the documents related to his grievance and subsequent appeals are appended to the petition.

It is difficult to decipher the precise nature of the legal claims Brooks attempts to assert as the petition does not explicitly allege any; rather, Brooks merely sets forth a general narrative of the facts, followed by a list of the parties and the relief requested. Within the narrative, Brooks states that he is a Black jailhouse lawyer and that he is being singled out for who he is and what organizations he is a part of, in violation of the First and Fourteenth Amendments of the United States Constitution, U.S. Const. amends. I & XIV, and article I, sections 7, 9, 13, and 26 of the Pennsylvania Constitution, Pa. Const. art. I, §§ 7, 9, 13 & 26. Pet. ¶¶ 7, 9. Brooks maintains that the "local procedure" used to reject his JPay gifts was manufactured to circumvent the Department's policies and allow Respondents "to target/retaliate against prisoners and citizens they don't like or have unfounded fears of." Pet. ¶ 11.

Brooks maintains that nothing in the Department's regulations or SCI-Coal Township's inmate handbook mandates that a person be on an inmate's visitation list before he or she can send a JPay gift, and that he and HRC were not properly notified of this purported requirement prior to the gifts being rejected. Pet. ¶¶ 8, 13. He also makes general references to due process and claims that the Pennsylvania and United States Constitutions protect his right to receive gifts from any citizen not on parole or probation, not a victim to his crime or a direct family member of another Pennsylvania prisoner, "and who have not violated any rule in the Inmate Handbook or D[epartment] Directives." Pet. ¶ 14. As for relief, Brooks seeks compensatory damages, punitive damages, and costs, as well as a declaration from this Court that Respondents' "acts were contrary to D[epartment] Directives and Rules in the Inmate Rule Book as well as the state and federal constitutions." Pet. at 7.

Respondents filed preliminary objections in the nature of a demurrer, arguing that the petition should be dismissed for failure to state a claim for multiple reasons, including: failure to assert specific constitutional claims and particular facts in support thereof; Respondents' lack of personal involvement in the alleged harm; the Department's grievance process is an adequate post-deprivation remedy so as to satisfy due process requirements; the Department's policies and regulations do not confer upon inmates any actionable rights; and Respondents are entitled to sovereign immunity with respect to any intentional tort claims raised because the acts complained of were committed within the scope of their duties.[4]

Before turning to these arguments, we note that

> [i]n ruling on preliminary objections, this Court accepts as
> true all well-pled allegations of material fact, as well as all

---

[4] We have paraphrased and reorganized Respondents' objections for clarity and ease of discussion.

4

inferences reasonably deducible from those facts. *Key v. Pa. Dep't of Corr.*, 185 A.3d 421 (Pa. Cmwlth. 2018). However, this Court need not accept unwarranted inferences, conclusions of law, argumentative allegations, or expressions of opinion. *Id.* For preliminary objections to be sustained, it must appear with certainty that the law will permit no recovery. *Id.* Any doubt must be resolved in favor of the non-moving party. *Id.*

*Feliciano v. Pa. Dep't of Corr.*, 250 A.3d 1269, 1274 (Pa. Cmwlth. 2021) (*en banc*) [quoting *Dantzler v. Wetzel*, 218 A.3d 519, 522 n.3 (Pa. Cmwlth. 2019)].

Respondents argue that the petition should be dismissed because it only makes cursory reference to various state and federal constitutional provisions and lacks any substance regarding the specific nature of the intended claims, leaving Respondents unable to mount a proper defense. We agree.

Pennsylvania is a fact-pleading state and Rule 1019(a) of the Pennsylvania Rules of Civil Procedure provides: "The material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Pa.R.Civ.P. 1019(a). As this Court has explained,

a p[etitioner] is required "to plead all the facts that he must prove in order to achieve recovery on the alleged cause of action." *Commonwealth ex rel. Pappert v. TAP Pharm. Prods., Inc.*, 868 A.2d 624, 636 (Pa. Cmwlth. 2005). Legal conclusions and general allegations of wrongdoing, without the requisite specific factual averments or support, fail to meet the pleading standard. *See Lerner v. Lerner*, 954 A.2d 1229, 1235-36 (Pa. Super. 2008).

*McCulligan v. Pa. State Police*, 123 A.3d 1136, 1141 (Pa. Cmwlth. 2015).

Here, the petition asserts no more than vague, generalized allegations that Respondents violated Brooks's constitutional rights. The petition fails to specify the nature of many of these rights, let alone provide facts to support the

5

elements of each cause of action. For example, the petition claims that Respondents violated Brooks's rights under article I, sections 7, 9, 13, and 26 of the Pennsylvania Constitution. Yet there is no follow-up to this conclusory statement or supporting facts outlining the specific claims, and several of these constitutional provisions are simply inapplicable here.[5] As a result, Respondents are essentially left to guess at Brooks's legal claims and theories. The petition also makes the blanket assertion that Respondents violated Brooks's First Amendment rights, claiming that the local procedure which purportedly served as the basis for the rejection of the JPay transactions allowed Respondents to retaliate against prisoners they do not like. Pet. ¶ 7. To prevail on a First Amendment retaliation claim, however, a petitioner "must state sufficient facts to show that: (1) he engaged in constitutionally protected conduct; (2) the retaliation against that conduct resulted in adverse action; (3) the protected conduct was a substantial and motivating factor for the retaliation; and (4) the retaliatory action did not further a legitimate penological goal." *Richardson v. Wetzel*, 74 A.3d 353, 357 (Pa. Cmwlth. 2013) [citing *Yount v. Dep't of Corr.*, 966 A.2d 1115, 1120-21 (Pa. 2009)]. Facts supporting these four elements are missing from Brooks's averments.

In short, we agree with Respondents that Brooks's "legal conclusions and generalized assertions of wrongdoing[] . . . lack the requisite factual support" and prevent Respondents from mounting an appropriate defense. *Caldwell v. Dep't of Corr.* (Pa. Cmwlth., No. 365 C.D. 2020, filed March 31, 2021), slip op. at 15[6]

---

[5] In particular, article I, section 9 pertains to the rights of the accused during criminal prosecutions, and article I, section 13 addresses excessive bail and fines, and cruel punishments. *See* Pa. Const. art. I, §§ 9 & 13. Neither section applies to this matter.

[6] Unreported panel decisions of this Court are cited herein for their persuasive value and not as binding precedent, pursuant to Rule 126(b)(1) of the Pennsylvania Rules of Appellate **(Footnote continued on next page…)**

(citing *McCulligan*, 123 A.3d at 1141).[7] While Brooks has not requested leave to amend, "we conclude that it would be futile to afford [him] an opportunity to file a more specific" petition given Respondents' remaining objections. *McCulligan*, 123 A.3d at 1141.

First, Brooks's claims seeking monetary damages for federal constitutional violations are properly framed as civil rights claims brought under 42 U.S.C. § 1983.[8] As Respondents note, "personal involvement of defendants in an alleged constitutional violation is a prerequisite under Section 1983. To maintain a Section 1983 claim, an inmate must allege that each defendant was directly and personally responsible for the purported conduct and establish fault and causation

_____

Procedure, Pa.R.A.P. 126(b)(1), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

[7] The petition also fails to explicitly assert, or provide adequate facts in support of, any state law tort claims. Even if it did, these claims would be in the nature of intentional torts rather than negligence as the petition is premised upon intentional acts taken by Respondents. *See Paluch v. Pa. Dep't of Corr.*, 175 A.3d 433 (Pa. Cmwlth. 2017); *Caldwell*. Brooks fails to address the standard for sovereign immunity and has not pleaded facts demonstrating that Respondents acted outside the scope of their duties as employees of the Department. As such, any purported intentional tort claims are barred by sovereign immunity. *See Caldwell*.

[8] Section 1983 provides, in pertinent part, that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. Section 1983 does not create any substantive rights itself, but "merely provides the vehicle for litigating deprivations of certain federal rights otherwise established." *Rivera v. Silbaugh*, 240 A.3d 229, 236 (Pa. Cmwlth. 2020).

on the part of each defendant." *Rivera v. Silbaugh*, 240 A.3d 229, 237 (Pa. Cmwlth. 2020) (citations omitted). Here, Brooks does not allege that any of the Respondents had personal involvement with the actual decision to reject the JPay gifts. Rather, his only claim is that Respondents improperly denied his administrative grievance regarding the JPay rejections at various stages of the grievance procedure. "Prison officials whose only roles involved the denial of the prisoner's administrative grievances cannot be held liable under Section 1983." *Id. See also Shick v. Wetzel* (Pa. Cmwlth., No. 583 M.D. 2016, filed September 10, 2018), slip op. at 5 ["'participation in after-the-fact review of a grievance or appeal is not enough to establish personal involvement for purposes of [Section] 1983.' *Martin v. Giroux* (Pa. Cmwlth., No. 1934 C.D. 2016, filed May 26, 2017), slip op. at 8 (citations omitted)"].

Moreover, in determining whether an inmate has stated a valid Section 1983 claim, "we look [] to see whether the inmate has alleged an infringement of a federally protected right, keeping in mind that not all deficiencies and inadequacies in prison conditions amount to a violation of an inmate's constitutional rights." *Rivera*, 240 A.3d at 237 (citations omitted). As stated above, the petition here fails to state with particularity any First Amendment violation, or adequate facts supporting such a claim. Brooks also appears to assert that his rights were violated because Respondents failed to comply with the Department's regulations and policies when rejecting the JPay gifts. However, any such claim necessarily fails because the Department's policies and regulations "do not, in themselves, confer upon inmates any actionable rights." *Feliciano*, 250 A.3d at 1275 n.9 [citing *Williams v. Wetzel*, 232 A.3d 652 (Pa. 2020)]. *See also Paluch v. Pa. Dep't of Corr.*,

175 A.3d 433, 438 (Pa. Cmwlth. 2017) (allegations Department "failed to adhere to its own policies and regulations do not state a claim for relief").

The only claim that is factually and legally developed in any real way is Brooks's apparent Fourteenth Amendment procedural due process claim. However, "[i]n the context of taking an inmate's property, procedural due process lies within the grievance process." *Freemore v. Dep't of Corr.* (Pa. Cmwlth., No. 42 M.D. 2020, filed August 5, 2021), slip op. at 8.

> It is now a bedrock principle that post-deprivation remedies satisfy the [D]ue [P]rocess [C]lause where the situation dictates that the State take immediate action or it is impracticable to provide any meaningful pre-deprivation process. *Parratt v. Taylor*, 451 U.S. 527, 539[] (1981); *Tillman v. Lebanon C[]nty[.] Corr[.] Facility*, 221 F.3d 410, 421 (3d Cir. 2000). When a prison official confiscates a prisoner's property in an allegedly unauthorized way, whether it be negligently or intentionally, due process requires only the existence of an adequate post-deprivation remedy because it is not feasible for a prison to provide a hearing prior to taking property that is perceived to be contraband or against prison regulations. *See Hudson v. Palmer*, 468 U.S. 517, 533-34[] (1984); *Parratt*, 451 U.S. at 541[.]
>
> In addressing the issue, the courts have repeatedly held that inmate grievance systems are an adequate post-deprivation remedy, *see, e.g.*, *Tillman*, 221 F.3d at 422, and this includes the Department's tiered grievance procedure[.]

*Shore v. Pa. Dep't of Corr.*, 168 A.3d 374, 383 (Pa. Cmwlth. 2017).

Here, Brooks not only acknowledges that he pursued redress through the Department's grievance procedure, but the grievance decisions he received from Respondents serve as the foundation of his claims. Brooks's argument in this regard has been repeatedly rejected by this Court. *See, e.g.*, *Shore*; *Freemore*; *Fennell v.*

9

*N.D. Goss* (Pa. Cmwlth., No. 1198 C.D. 2015, filed February 5, 2016); *see also Paluch*, 175 A.3d at 441 (specifically rejecting inmate's claim that his due process rights were violated because prison officials failed to provide him with written notice and opportunity to be heard *prior to* seizure and subsequent destruction of property). His mere "dissatisfaction with the result of constitutionally adequate due process procedures does not equate to a denial of due process."[9] *Fennell*, slip op. at 10. *See also Bullock v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 241 M.D. 2016, filed May 12, 2017), slip op. at 10 (sustaining demurrer to inmate's due process claims for deprivation of property because it was apparent from the petition that he was afforded all the process that was due him through the Department's after-the-fact grievance procedures).

In conclusion, Brooks has failed to state a claim upon which relief may be granted under the First and Fourteenth Amendments or the Pennsylvania Constitution. Accordingly, we sustain Respondents' preliminary objections in the nature of demurrer and dismiss the petition with prejudice.

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[9] Even if Brooks had stated a valid due process claim under the state constitution, the same due process analysis applies to both the Pennsylvania Constitution and the Fourteenth Amendment. *See Caba v. Weaknecht*, 64 A.3d 39, 45 (Pa. Cmwlth.), *appeal denied*, 77 A.3d 1261 (Pa. 2013).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

George Wayne Brooks, : 
               Petitioner : 
  : 
      v. :   No. 294 M.D. 2022
  : 
Captain S. Scicchitano, Supt. Thomas : 
S. McGinley, Keri Moore, : 
           Respondents : 

# **O R D E R**

AND NOW, this 6th day of September, 2023, Respondents' preliminary objections in the nature of demurrer are SUSTAINED and Petitioner's amended petition for review is DISMISSED with prejudice.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita