IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Marchesano,                :
            Appellant       :
                         :
           v.             :   No. 563 C.D. 2021
                         :   Submitted: March 4, 2025
Mark C. Garman, et al.      :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
              HONORABLE STACY WALLACE, Judge (P.)
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER      FILED: April 16, 2025

Joseph Marchesano appeals, pro se, from the December 31, 2020 Order of the Court of Common Pleas of Centre County (trial court), which sustained the Preliminary Objections filed by Mark C. Garman[1] and dismissed Marchesano's Complaint.[2] We affirm the trial court's Order.

## I. **Background**

At the time he filed his appeal, Marchesano was incarcerated at the State Correctional Institution at Forest (SCI-Forest), but he was previously incarcerated at the State Correctional Institution at Rockview (SCI-Rockview). On April 29, 2020, Marchesano was transferred to SCI-Forest due to concerns regarding COVID-19. At the time of the transfer, a box containing Marchesano's legal papers and a typewriter was shipped from SCI-Rockview to SCI-Forest via United Parcel Service

---

[1] Marchesano filed his Complaint against "Mark C. Garman, et al."; however, Garman is the only appellee specifically identified in the Notice of Appeal and in the parties' briefs filed with this Court.

[2] Marchesano originally filed his appeal with the Pennsylvania Superior Court, which transferred the matter to this Court for disposition.

(UPS), the cost of which was subsequently deducted from Marchesano's inmate account.[3]  However, the typewriter arrived at SCI-Forest broken.  As a result, the Department of Corrections (DOC) confiscated the damaged typewriter due to its condition.  (Compl. at 1.)

On May 15, 2020, Marchesano initially filed a grievance with SCI-Forest seeking to recover either the value of his typewriter or a replacement.  SCI-Forest denied the grievance because SCI-Rockview was the sending facility, and, thus, SCI-Forest was not responsible for any damage to Marchesano's property.

On May 27, 2020, Marchesano filed a grievance with SCI-Rockview.  On July 21, 2020, Nicki Paul, Assistant to the Superintendent at SCI-Rockview, responded to the grievance, stating:  "You left [SCI-]Rockview on April 29, 2020.  Per policy[,] any property that does not fit into a record box must be mailed at the expense of the inmate.  **The typewriter was not transported to SCI[-]Forest by DOC vehicle.** The typewriter was mailed, in working order, by [UPS]."  (DOC Letter to Marchesano, 7/21/20, at 1 (emphasis added).)  Thus, Paul stated that Marchesano's "request to have SCI[-]Rockview reimburse [him] for the cost of the typewriter is denied."  (*Id.* at 2.)

On August 27, 2020, Marchesano filed a Complaint in the trial court against Garman, then-Superintendent at SCI-Rockview, asserting that Garman is responsible for the damage to his typewriter pursuant to DOC policy DC-ADM 815,

---

[3] Both Garman and the trial court erroneously state that Marchesano's typewriter was mailed to SCI-Forest via the United States Postal Service.  (*See* Garman's Br. at 13-14; Trial Ct. Op. & Order, 12/31/20, at 4.)  The record shows, however, that the typewriter was actually shipped via UPS.  (*See* Monthly Inmate Acct. Stmt., 6/1/20, at 1 (showing deduction from Marchesano's inmate account on May 27, 2020, for "Postage" paid in the amount of $24.35 to "UPS"); Inmate Grievance Appeal, 7/26/20, at 1 (stating that the typewriter was shipped via "UPS mail at [Marchesano's] expense"); Marchesano Letter to UPS Customer Service, 7/31/20 (informing a local UPS facility of the damage to his typewriter).)

which states, in relevant part, that when DOC transfers an inmate between correctional facilities, "**[t]he sending facility shall be responsible for conspicuous undocumented damage** requiring item repair or replacement." (Compl. at 2; Response to Prelim. Objs., 10/1/20, Ex. 1 (emphasis added).)

On September 24, 2020, Garman filed Preliminary Objections in the nature of a demurrer, asserting that the Complaint failed to state a legally sufficient claim for relief. In particular, Garman asserted that the Complaint failed to allege that "Garman was personally involved with the packing and moving of [Marchesano's] property, or that [Garman] in any way handled the property that was later damaged." (Prelim. Objs. ¶ 21.) Rather, Marchesano "assert[ed] that he mailed his own typewriter through [UPS], at his own expense." (*Id.* ¶ 22.) Garman further averred that Marchesano's "tangential claim that . . . Garman is responsible for any alleged negligent conduct by his subordinates based on his supervisory role[] is an improper, legally insufficient attempt to impute liability through a theory of respondeat superior." (*Id.* ¶ 28.)

Thereafter, Marchesano filed two responses to the Preliminary Objections, on October 1, 2020 and October 30, 2020, reiterating his position that pursuant to DC-ADM 815, SCI-Rockview, as the transferring facility, was "responsible for conspicuous undocumented damage requiring item repair or replacement." (Response to Prelim. Objs., 10/30/20, at 1.)

On December 31, 2020, the trial court sustained the Preliminary Objections and dismissed the Complaint, concluding that Marchesano failed to establish Garman's personal involvement in the transfer of his property and failed to allege a viable claim of negligence. The trial court explained:

[T]he factual allegations of [the] Complaint do not allege that . . . Garman was involved in the packing and moving of [Marchesano's]

3

typewriter in any way. [The] Complaint does not allege that [Garman] took part in the transfer of [Marchesano's] personal property, nor does it allege [Garman] personally supervised the corrections officers who did. [Marchesano] appears to hold [Garman] responsible for the damage to his typewriter based on [his] role as the [S]uperintendent of SCI-Rockview. **[Garman's] supervisory role, alone, however, does not expose him to personal liability for the actions of his subordinates.** Moreover, even had [Garman] been involved in the denial of [Marchesano's] grievance, a fact not alleged by [Marchesano], that would be insufficient to establish personal involvement in the packing and moving of [his] typewriter. **Without allegations of [Garman's] personal involvement in the packing or moving of [Marchesano's] typewriter, [the] Complaint fails to allege facts sufficient to support a claim against . . . Garman.**

(Trial Ct. Order & Op., 12/31/20, at 3 (internal citations omitted) (emphasis added).)

Next, the trial court rejected Marchesano's reliance on DC-ADM 815 as a basis for establishing Garman's liability, finding:

[Marchesano] alleges [that] policy DC-ADM 815 requires that he be reimbursed for damage to his typewriter that occurred while the typewriter was being mailed via [UPS] from one state correctional institution to another. [His] reliance on policy DC-ADM 815 is misplaced. **Pennsylvania appellate courts have consistently held that a failure to comply with a prison's administrative policies does not create a basis for a cause of action. Moreover, there are no allegations that . . . Garman was somehow involved in the transfer of the typewriter, or even in arrangements for the transfer.** Rather, [Marchesano] relies on . . . Garman's role as SCI-Rockview [S]uperintendent as the basis for his claim. As discussed above, **vicarious liability is not a sufficient basis for a negligence claim against a public employee. Thus, assuming[] arguendo[] [that Marchesano] could rely on a DOC policy as giving rise to a duty enforceable via a negligence claim, [his] claim in the instant case would still fail for lack of any alleged direct involvement by the named defendant.** Furthermore, the [trial c]ourt agrees with [Garman] that this missing element – the lack of any direct involvement by [Garman] – is also fatal to the causation element of a *prima facie* negligence claim against [Garman].

4

(*Id.* at 4-5 (internal citations omitted) (emphasis added).) Therefore, the trial court concluded that the Complaint failed to state a legally sufficient claim for relief.

Marchesano now appeals to this Court.[4]

## II. Analysis

On appeal, Marchesano asserts that the trial court erred in sustaining Garman's Preliminary Objections and dismissing his Complaint. Marchesano maintains that the sending facility, SCI-Rockview, is responsible for the damage to his typewriter under DC-ADM 815 and that Garman, as Superintendent at SCI-Rockview, "is responsible for everything that goes on within that prison[]" and that he and "his staff are bound by [DOC's] policy." (Marchesano's Br. at 6-7.) We disagree.

Because Pennsylvania is a fact-pleading jurisdiction, a complaint must not only apprise the opposing party of the asserted claim, "it must also formulate the issues by summarizing those facts essential to support the claim." *Richardson v. Wetzel*, 74 A.3d 353, 356-57 (Pa. Cmwlth. 2013); *see McCulligan v. Pa. State Police*, 123 A.3d 1136, 1141 (Pa. Cmwlth. 2015) (stating that "a plaintiff is required 'to plead all the facts that he must prove in order to achieve recovery on the alleged cause of action'") (citation omitted).[5] To establish a negligence cause of action

---

[4] Our review of a trial court's ruling on preliminary objections is limited to determining whether the trial court abused its discretion or committed an error of law. *Atl. Richfield Co. v. County of Montgomery*, 294 A.3d 1274, 1280 (Pa. Cmwlth.), *appeal denied*, 307 A.3d 1205 (Pa. 2023). When ruling on a demurrer, a trial court may sustain preliminary objections and dismiss the complaint only where such relief is clear and there is no doubt that the law will not permit recovery. *Stone & Edwards Ins. Agency, Inc. v. Dep't of Ins.*, 616 A.2d 1060, 1063 (Pa. Cmwlth. 1992). A demurrer will not be sustained unless the face of the complaint shows that the law will not permit recovery, and any doubts should be resolved against sustaining the demurrer. *Id.*

[5] "Under Pennsylvania law, pro se [litigants] are subject to the same rules of procedure as are represented [litigants]." *Com. v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014) (italics removed). Thus, a pro se litigant who chooses to file suit in state court must adhere to Pennsylvania's "fact-
**(Footnote continued on next page…)**

5

against Garman, the Complaint must allege that Garman owed Marchesano a duty recognized by law, Garman breached that duty, there was a causal connection between the breach and the resulting injury, and Marchesano suffered actual damages. *See Page v. City of Philadelphia*, 25 A.3d 471, 475 (Pa. Cmwlth. 2011).[6]

This Court has consistently dismissed negligence causes of action by inmates where the complaint failed to allege that the named defendants were personally involved in the inmate's loss of personal property. *See, e.g.*, *Wright v. Wetzel* (Pa. Cmwlth., No. 669 C.D. 2023, filed Oct. 21, 2024); *Scott v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 76 M.D. 2021, filed Nov. 4, 2022); *Martin v. Clark* (Pa. Cmwlth., No. 74 C.D. 2018, filed July 27, 2018); *Price v. Simcox* (Pa. Cmwlth., No. 307 C.D. 2017, filed Sept. 28, 2017); *Owens v. Dep't of Corr.* (Pa. Cmwlth., No. 2624 C.D. 2015, filed Sept. 23, 2016).[7] Here, Marchesano failed to allege that Garman was personally involved in the packing or shipping of his typewriter or that Garman directed the transfer of Marchesano's property to SCI-Forest. On the contrary, Marchesano alleged: "I was transfer[red] by DOC Secretary John E. Wetzel due to concern[s] over [the] COVID-19 pandemic. I had a box of legal work along with a typewriter that I had mailed at my own expense." (Compl. at 1.) Critically, the Complaint does not address Garman's involvement in the transport of Marchesano's property in any way.

---

pleading system of jurisprudence." *Cimaszewski v. Bd. of Prob. & Parole*, 868 A.2d 416, 422 (Pa. 2005).

[6] Although Garman did not assert sovereign immunity in this case, we note that where an inmate alleges negligence resulting in damage to property in the care, custody, or control of prison employees, sovereign immunity does not bar the cause of action. *See Williams v. Stickman*, 917 A.2d 915, 918 (Pa. Cmwlth. 2007).

[7] Under Section 414(a) of this Court's Internal Operating Procedures, we may cite unreported memorandum decisions of this Court, issued after January 15, 2008, for their persuasive value. 210 Pa. Code § 69.414(a).

In his appellate brief, Marchesano asserts that he filed this action against "Mark C. Garman, et al.," indicating that he was suing Garman "and all others involved" in the damage to his typewriter. (Marchesano's Br. at 1.) He contends that "the legal term 'et al.' means all other persons which [sic] Superintendent . . . Garman is responsible for." (*Id.* at 6 (parentheses removed).) Marchesano posits that "if . . . Garman is not personal[ly] responsible for the transfer, damage, [and] not following [DOC] policy, then et al. is." (*Id.* at 7.)

To the extent Marchesano attempts to hold Garman responsible for the negligent handling of his typewriter by unidentified DOC employees at SCI-Rockview, we reject this claim. Our Supreme Court has held that a public employee is not vicariously liable for the actions of his or her subordinates simply because the subordinate is in the employee's chain of command. *See DuBree v. Com.*, 393 A.2d 293, 295 (Pa. 1978) ("[W]e believe it appropriate to protect from the possibility of suit a public servant who has not himself engaged in actionable conduct. Thus, **those in the 'chain of command' should not be subject to suit on any theory of vicarious responsibility**.") (emphasis added); *see also Page v. Rogers*, 324 A.3d 661, 677-78 (Pa. Cmwlth. 2024) ("'[I]ndividual public employees are not vicariously liable for the actions of subordinates merely because the subordinate is in the employee's chain of command.'") (citation omitted); *Wright*, slip op. at 9.

Finally, we agree with the trial court that Garman cannot be held liable for the damage to Marchesano's typewriter pursuant to DC-ADM 815. This Court has explained that "[a]dministrative regulations are not statutes or constitutional provisions." *Tindell v. Dep't of Corr.*, 87 A.3d 1029, 1035 (Pa. Cmwlth. 2014). As such, an inmate's "allegations that [DOC] failed to follow its regulations or internal policies cannot support a claim based upon a vested right or duty because these

administrative rules and regulations, unlike statutory provisions, usually do not create rights in [state] prison inmates." *Shore v. Dep't of Corr.*, 168 A.3d 374, 386 (Pa. Cmwlth. 2017); *see also Feliciano v. Dep't of Corr.*, 250 A.3d 1269, 1275 n.9 (Pa. Cmwlth. 2021) ("[DOC's] regulations do not, in themselves, confer upon inmates any actionable rights."); *Com. ex rel. Jackson v. Wetzel* (Pa. Cmwlth., No. 47 M.D. 2017, filed July 21, 2022), slip op. at 11 n.6 (observing that "DOC's DC-ADM Policies include 'disclaimer' language reflecting that the policies do not create any rights in any person, which this Court has stated reflects that the policies do not create enforceable rights").

### III. Conclusion

For the foregoing reasons, we conclude that Marchesano's Complaint fails to state a legally sufficient claim for relief against Garman and, therefore, the trial court properly sustained the Preliminary Objections and dismissed the Complaint. Accordingly, we affirm the trial court's Order.[8]

_____
RENÉE COHN JUBELIRER, President Judge

---

[8] We recognize that the facts giving rise to Marchesano's allegations occurred five years ago, and the record shows that he went to great lengths at that time to recover either the value of his typewriter or a replacement to no avail. Unfortunately, Marchesano's Complaint cannot withstand a demurrer, as explained above. At this point, even if we were able to reverse the trial court and allow Marchesano to amend his Complaint to identify the individual DOC employees who allegedly mishandled his property, the statute of limitations has long expired on his negligence claim. *See* Section 5524 of the Judicial Code, 42 Pa.C.S. § 5524 (setting forth a two-year statute of limitations for a negligence cause of action); *Lange v. Burd*, 800 A.2d 336, 339 (Pa. Super. 2002) ("It is the duty of the party asserting a cause of action to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right of recovery is based and to institute suit within the prescribed period."); *Montanya v. McGonegal*, 757 A.2d 947, 950 (Pa. Super. 2000) (recognizing that the statute of limitations for a negligence claim "'begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do[es] not toll the running of the statute of limitations'") (citation omitted).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Marchesano,                    :
                   Appellant          :
                                 :
             v.                        :     No. 563 C.D. 2021
                                 :
Mark C. Garman, et al.                :

## **O R D E R**

NOW, April 16, 2025, the December 31, 2020 Order of the Court of Common Pleas of Centre County is hereby **AFFIRMED**.

_____
RENÉE COHN JUBELIRER, President Judge