# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Frank Steckel, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 207 M.D. 2022 |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Attorney General's Office, Michael | : | |
| Maderia, Kevin Barr, Michael | : | |
| Fisher, Josh Shapiro, Christopher | : | |
| Schmidt, Russ Burcher of the | : | |
| Pennsylvania State Police, and | : | |
| John and/or Jane Does, | : | |
| Respondents | : | Submitted: August 9, 2024 |

BEFORE:   HONORABLE ANNE E. COVEY, Judge
HONORABLE LORI A. DUMAS, Judge
HONORABLE MATTHEW S. WOLF, Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                                FILED:  July 17, 2025


Before us in our original jurisdiction are the preliminary objections of the Pennsylvania Office of Attorney General, Michael Maderia, Kevin Barr, Michael Fisher, Josh Shapiro, Christopher Schmidt, and Russ Burcher (Respondents) to the amended complaint of Frank Steckel, *pro se* (Petitioner).   The amended complaint alleges that Respondents violated the Wiretapping and Electronic Surveillance Control Act (Wiretap Act), 18 Pa.C.S. §§ 5701-5782, and further alleges related constitutional violations, malicious prosecution, and abuse of process, and seeks money damages.  We conclude that the claims in the complaint are barred by the

applicable statutes of limitations and that Petitioner failed to file the complaint in the time directed by this Court, and we thus sustain the preliminary objections.

This controversy arises from wiretapping which was incidental to a grand jury investigation that occurred from 1998 to 2002. Compl. ¶ 13, 15. From 2002 to 2004, prosecutions were brought in Clinton County against multiple persons per the grand jury, including Petitioner. *Id.* ¶ 29. On or about May 4, 2006, Petitioner pled *nolo contendere* to two counts of possession with intent to deliver and one count of criminal conspiracy. *See Commonwealth v. Steckel* (Ct. Comm. Pl. Clinton Cnty., No. CP-I8-CR-0059-2004); *see also Commonwealth v. Steckel*, 890 A.2d 410, 411 (Pa. Super. 2005) (discussing early stages of Petitioner's criminal prosecution).[1]

In March 2019, several persons including Petitioner sought to participate in a putative class action against various Office of Attorney General and Pennsylvania State Police personnel related to the 1998-2002 grand jury investigation. This Court denied the purported intervention and ordered Petitioner and the other parties to each file and serve separate complaints and requests for damages within thirty days. *See Baney v. Fisher* (Pa. Cmwlth., No. 752 M.D. 2018, order filed April 3, 2019). Petitioner did not comply with that order. Instead, 18 months later, he filed the instant complaint in the Court of Common Pleas of Clinton County (Common Pleas). Petitioner amended the complaint, and Respondents filed preliminary objections asserting, among other things, that Common Pleas lacked jurisdiction over the Respondents. Common Pleas sustained the preliminary objection related to jurisdiction and transferred the matter to this Court.

---

[1] Because Petitioner has referenced his collateral criminal prosecution in the complaint, we take judicial notice of those cases. *See Guarrasi v. Scott,* 25 A.3d 394, 397-98 n.3 (Pa. Cmwlth. 2011).

Respondents refiled the instant preliminary objections, which they had filed in Common Pleas before the transfer.

The complaint makes claims in eight counts against the Office of Attorney General and its named individual employees, and Russ Burcher, an individually named Respondent employed by the Pennsylvania State Police. Compl. ¶¶ 3-10. Count I asserts violations of the Wiretap Act. In support, the complaint avers the following. As part of the 1998 grand jury investigation against Petitioner and others, unspecified Respondents sought capture of a pen register[2] in or about September or October 2000. *Id.* ¶¶ 13-15. That first pen register started without a valid court order in violation of the Wiretap Act. *Id.* ¶ 15. Unspecified Respondents used the unlawfully obtained evidence to seek and obtain further evidence pursuant to the Wiretap Act and by search warrant. *Id.* ¶¶ 16, 46. Starting in 2002, more than fifteen individuals, including Petitioner, were arrested and prosecuted based upon information illegally obtained from the pen register. *Id.* ¶¶ 19-20. Petitioner was not aware during his criminal prosecution that the first pen register was started without a valid court order; he "heard a rumor" secondhand in January 2019 about the issue. *Id.* ¶ 25. Count II asserts that those same facts show a violation of Petitioner's constitutional rights. Counts III through VIII allege, respectively, abuse of power, malicious prosecution, abuse of process, and negligence based on Respondents' use of the unlawfully obtained evidence in Petitioner's criminal prosecution.

---

[2] A pen register is a "mechanical or electronic device which attaches to a particular telephone line, and which records outgoing numbers dialed by a particular telephone, but does not: (1) monitor the contents of any communication; or (2) record the origin of any incoming communications." 18 Pa.C.S. § 5702.

Respondents raise two preliminary objections.[3] They first argue that Petitioner did not file his complaint within 30 days of this Court's April 3, 2019 order in *Baney v. Fisher*, and for that reason the complaint should be dismissed as untimely filed. *See* Pa.R.Civ.P. 248 (providing that time for performing any act "may be . . . shortened by . . . order of court"). Respondents add that Petitioner has essentially admitted that his only factual basis for this action is a rumor, making the complaint subject to dismissal as unsupported as a sanction. *See* Pa.R.Civ.P. 1023.1(c)(3).

In their second preliminary objection, Respondents invoke the statute of limitations which, they point out, is two years for claims under the Wiretap Act or for malicious prosecution, false arrest, malicious abuse of process, and/or personal injury. *See* 42 Pa. C.S. §§ 5524(1), (2), (7); *see also* 18 Pa. C.S. § 5747(e) ("A civil action under this section may not be commenced later than two years after the date upon which the claimant first discovered or had a reasonable opportunity to discover the violation."). Respondents add separately that the malicious prosecution claim in Count IV must fail because Petitioner pled *nolo contendere*, which is not a termination in his favor that could support a malicious prosecution claim.

Petitioner does not respond to Respondents' preliminary objections. He argues only that this Court lacks original jurisdiction. He emphasizes that because the complaint seeks money damages under Section 5725(a) of the Wiretap Act, rather than removal of officials from office under Section 5726(a), jurisdiction is in

---

[3] When deciding preliminary objections, we accept as true all well-pleaded material facts and all reasonable inferences from those facts. *Phantom Fireworks Showrooms, LLC v. Wolf*, 198 A.3d 1205, 1214 n.6 (Pa. Cmwlth. 2018) (en banc). We need not accept unwarranted factual inferences, conclusions of law, arguments, or opinions. *Id.* To sustain preliminary objections, it must be clear that the law will permit no recovery, and we resolve any doubt in favor of the non-movant. *Id.*

the courts of common pleas, not this Court. *See* Petitioner's Br. at 4 (pagination supplied) (citing *McCulligan v. Pa. State Police*, 123 A.3d 1136, 1139-40 (Pa. Cmwlth. 2015), *aff'd*, 135 A.3d 580 (Pa. 2016)).

Initially, we reject Petitioner's argument that we must dismiss for lack of jurisdiction. As we observed in *McCulligan*—which Petitioner cites—"even if we were to conclude that it would be appropriate to transfer the [Wiretap Act] damage claim to the court of common pleas, that would be an unnecessary waste of judicial resources here, because [the] action under Section 5725 of the Wiretap Act is barred by the statute of limitations." 123 A.3d at 1140. Thus, "[a]lthough this Court cannot award the requested monetary damages under Section 5725 of the [Wiretap] Act, we will consider the [preliminary objection] relating to the applicable statute of limitations for all . . . claims in the interest of judicial economy." *Baney v. Fisher*, (Pa. Cmwlth., No. 752 M.D. 2018, filed Aug. 26, 2020), slip op. at 6-7, 2020 WL 5033421 (footnotes omitted), *aff'd*, 263 A.3d 551 (Pa. 2021).[4]

Turning to that preliminary objection as we did in *McCulligan* and *Baney*, we agree with Respondents that the complaint is barred by the relevant statutes of limitations. The alleged events giving rise to these claims occurred between 1998 and 2002. Compl. ¶¶ 13-15. Petitioner initiated this action in 2021, well outside the two-year statute of limitation period, which began to run in 2004, or at the latest in 2006 upon his conviction. 42 Pa. C.S. §§ 5524(1), (2), (7). Generally, a cause of action accrues when injury occurs and is barred if the limitations period has run thereafter. *See In re Risperdal Litig.*, 223 A.3d 633, 640 (Pa. 2019). This period can be tolled when a party cannot reasonably know the nature or cause of their injury. *Baney*, slip op. at 13-14. However, in order to toll

---

[4] Unreported opinions of this Court filed after January 15, 2008, may be cited for their persuasive value. Pa.R.A.P. 126(b); 210 Pa. Code § 69.414(a).

5

the limitations period, the petitioner must plead either that other parties committed affirmative acts to conceal information that led to the delay in filing, or that some other circumstances prevented his being "reasonably aware of his . . . injury" until a certain date. *Id.* at 14. There are two places a petitioner can allege such facts: "(1) by pleading sufficient facts in the complaint, or (2) by raising the discovery rule in response to the defendant's statute of limitations defense." *SpiriTrust Lutheran v. Wagman Constr., Inc.*, 314 A.3d 894, 906 (Pa. Super. 2024). "Either way, the plaintiff must allege facts showing plaintiff's lack of prior knowledge regarding the nature of the alleged injury, and why plaintiff could not have learned of it at an earlier point." *Id.*

Here, the complaint pleads only two relevant facts: that Petitioner was not aware of the alleged Wiretap Act violation at the time of his prosecutions, and that he "heard a rumor" about the violations in January 2019. Compl. ¶¶ 21, 25. Those assertions are not sufficient. Absent sufficient pleading we will not apply the discovery rule, and we conclude that the claims in the complaint are barred by the relevant statutes of limitations.

Further, we agree with Respondents' first preliminary objection—that Petitioner failed to file the complaint within 30 days of our order directing same in *Baney*. Petitioner similarly offers no response on that issue. His attempt to join that action, combined with the 18-month delay in filing after the deadline this Court set, is an additional basis for dismissal.

For the foregoing reasons, we will sustain Respondents' preliminary objections and dismiss the complaint with prejudice.

_____
MATTHEW S. WOLF, Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frank Steckel,                              :
                              Petitioner   :
                                            :
        v.                                  :    No. 207 M.D. 2022
                                            :
Commonwealth of Pennsylvania,               :
Attorney General's Office, Michael          :
Maderia, Kevin Barr, Michael                :
Fisher, Josh Shapiro, Christopher           :
Schmidt, Russ Burcher of the                :
Pennsylvania State Police, and              :
John and/or Jane Does,                      :
                              Respondents   :

# **O R D E R**

AND NOW, this 17th day of July 2025, Respondents' preliminary objections are SUSTAINED and Petitioner's amended complaint is DISMISSED with prejudice.

_____
MATTHEW S. WOLF, Judge